# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH HALL** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA, ET AL.** | **NO.: 12-00657-BAJ-RLB** |

## RULING AND ORDER

Before the Court is a **FRCP 12(b)(6) Motion to Dismiss City Court of Baton Rouge (Doc. 55)**, filed by Defendants the City of Baton Rouge and the Parish of East Baton Rouge (collectively the "City/Parish"), seeking an order from this Court dismissing Plaintiff Kenneth Hall's ("Hall") claims against Defendant the City Court of Baton Rouge.[1]  Hall opposes the motion.  (Doc. 59.)  The City/Parish filed a memorandum in response to Hall's memorandum in opposition.  (Doc. 118.)  The motion was heard with oral argument.  The Court has jurisdiction pursuant to 28 U.S.C. 1331.

---

[1]Since the filing of the instant motions to dismiss, Hall filed a Second Amending and Supplemental Complaint and a Third Amending and Supplemental Complaint.  (Docs. 74 and 76.)  Where, as here, the plaintiff's subsequent complaints refer to, adopt, and incorporate the original complaint, it cannot be said that the subsequent complaints superceded the original complaint.  *Stewart v. City of Houston Police Dep't*, 372 Fed. Appx. 475, 478 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  Thus, in considering the instant motions, the Court shall analyze Hall's Original Complaint (Doc. 1), First Amending and Supplemental Complaint (Doc. 13), Second Amending and Supplemental Complaint (Doc. 74), and Third Amending and Supplemental Complaint (Doc. 76).

## I.  Background

Hall[2] filed this lawsuit[3] pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. §§ 1983[4] ("Section 1983"), 1986; Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973; Section 5 of the Voting Rights Act of 1965[5], as amended, 42 U.S.C. § 1973c; the First Amendment to the United States Constitution, U.S. CONST. amend. I; the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, § 1; the Fifteenth Amendment to the United States Constitution,

---

[2] On May 1, 2013, Byron Sharper ("Sharper") was added as an Intervenor-Plaintiff in this matter. (Doc. 127.) Subsequently, Sharper filed a Complaint (Doc. 128) and a Supplemental Complaint (Doc. 133). However, this ruling and order relates to Hall's claims only.

[3] Hall's original complaint was filed as a class action. (Doc. 1.) Subsequently, Hall filed Plaintiff's Motion to Certify Case as a Class Action (Doc. 58), which was denied as premature, without prejudice to Hall's right to re-file the motion, if necessary, after the Court issues its rulings on the pending dispositive motions. (Doc. 172.)

[4] "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.' [T]his provision safeguards certain rights conferred by federal statutes." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (citing *Maine v. Thiboutot*, 448 U.S. 1 (1980)).

While it is not clear from Hall's pleadings, it appears that Hall's Section 1983 claims include: (1) a Section 1983 claim that the 1993 Judicial Election Plan violates the First Amendment's guarantee of freedom of speech, made applicable to the States by the Equal Protection Clause of the Fourteenth Amendment; (2) a Section 1983 claim that the 1993 Judicial Election Plan infringes Hall's fundamental right to vote, as protected by the Fourteenth Amendment; (3) a Section 1983 claim that the 1993 Judicial Election Plan violates the Equal Protection Clause of the Fourteenth Amendment; (4) a Section 1983 claim that the 1993 Judicial Election Plan violates the Due Process Clause of the Fourteenth Amendment; (5) a Section 1983 claim that the 1993 Judicial Election Plan violates the Fifteenth Amendment; (6) a Section 1983 claim that the 1993 Judicial Election Plan violates Section 2 of the Voting Rights Act of 1965; and (7) a Section 1983 claim that the 1993 Judicial Election Plan violates the "democratic principles of majority rule and individualistic egalitarianism" related to the "one person, one vote" principle of the Equal Protection Clause of the Fourteenth Amendment.

[5] Hall's original Complaint, and subsequent Amending and Supplemental Complaints alleged that Defendants failed to obtain federal preclearance for the current Judicial Election Plan, in violation of the Voting Rights Act of 1965. However, in light of the United States Supreme Court's opinion in *Shelby County, Alabama v. Eric H. Holder, Attorney General, et al.*, 570 U.S. ___ (2013), this Court dismissed Hall's Section 5 claims, without prejudice. (Doc. 173.) Thus, Hall's Section 5 claims shall not be considered by the Court.

U.S. CONST. amend. XV, § 1, and "the democratic principles of majority rule and individualist egalitarianism of the United States Constitution"[6] against Defendants the State of Louisiana, Governor Piyush Jindal[7], Attorney General James Caldwell[8], Secretary of State Tom Schedler[9], the City of Baton Rouge, the Parish of East Baton Rouge, the City Court of Baton Rouge, Mayor Melvin Holden[10], the Louisiana House of Representatives[11], the Louisiana Senate[12], Judge Laura Davis[13], Judge Suzan Ponder[14], and Judge Alex Wall.[15] (Docs. 1, 13, 74, and 76.) Hall alleges that the current judicial election plan, enacted by the Louisiana State Legislature in 1993,

---

[6]While it is not clear which Constitutional Amendment or federal statute Hall is referencing, it appears that the reference to the "democratic principles of majority rule and individualistic egalitarianism" is related to the "one person, one vote" principle of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

[7]Defendant Piyush "Bobby" Jindal is sued in his official capacity as the Governor of the State of Louisiana.

[8]Defendant James "Buddy" Caldwell is sued in his official capacity as the Attorney General of the State of Louisiana.

[9]Defendant Tom Schedler is sued in his official capacity as the Louisiana Secretary of State.

[10]Defendant Melvin "Kip" Holden is sued in his official capacity as the Mayor of the City of Baton Rouge.

[11]The Louisiana House of Representatives is sued by and through Charles "Chuck" Kleckley, in his official capacity as Speaker of the Louisiana House of Representatives, and Walt Leger, III, in his official capacity as Speaker Pro Tempore of the Louisiana House of Representatives.

[12]The Louisiana Senate is sued by and through John Alario, Jr., in his official capacity as President of the Louisiana Senate, and Sharon Weston Broom, in her official capacity as President Pro Tempore of the Louisiana Senate.

[13]Hall originally sued Defendant Laura Davis in her individual and official capacities as a Judge on the City Court of Baton Rouge.

[14]Hall originally sued Defendant Suzan Ponder in her individual and official capacities as a Judge on the City Court of Baton Rouge.

[15]Hall originally sued Defendant Alex "Brick" Wall is his individual and official capacities as a Judge on the City Court of Baton Rouge.

3

dilutes and diminishes the voting rights of African American voters in the City of Baton Rouge, in violation of the U.S. Constitution and the Voting Rights Act of 1965. Hall further alleges that the judicial election plan, codified at La. R.S. § 1(4)(a)(b)(c), which divides the City of Baton Rouge into two election Sections (Sections 1 and 2) and five election Divisions (Divisions A, B, C, D, and E)[16], impermissibly dilutes the votes of African Americans, who now make up 54.3% of the total City population.[17]

According to Hall, the current Judicial Election Plan discriminates against African Americans because African American voters, who make up the majority of Section 1 and the City of Baton Rouge population, are allotted only two judges, while White voters, who make up the majority of Section 2 but a minority of the City of Baton Rouge population, are allotted three judges. Hall further alleges that the Defendants' refusal to reapportion the City Court of Baton Rouge judges and/or redraw the geographic boundaries of the Divisions in accordance with the City of Baton Rouge's 2010 Census demographic data is an intentional attempt to dilute the votes of African Americans.

Accordingly, Hall seeks a ruling and judgment declaring, *inter alia*, that the 1993 Judicial Election Plan violates: (1) the First Amendment's guarantee of freedom

---

[16]Under the current Judicial Election Plan, the City of Baton Rouge is divided into two judicial election Sections: Section 1 and Section 2. Each Section then divided into multiple Divisions. Section 1 is divided into Divisions B and D, and Section 2 is divided into Divisions A, C, and E. Each Division elects one judge to the City Court of Baton Rouge.

[17]Hall also points the Court to the United States Census Data, which indicates that the total population of Whites, non Hispanic or Latino, in the City of Baton Rouge decreased from 118,429 or 53.9% in the year 1990 to 86,679 or 37.8% in the year 2010. (Doc. 1, ¶¶ 19-21.)

4

of speech, made applicable to the States by the Equal Protection Clause of the Fourteenth Amendment; (2) Hall's fundamental right to vote, as protected by the Fourteenth Amendment; (3) the Equal Protection Clause of the Fourteenth Amendment; (4) the Due Process Clause of the Fourteenth Amendment; (5) the Fifteenth Amendment; (6) Section 2 of the Voting Rights Act of 1965; and (7) the "democratic principles of majority rule and individualistic egalitarianism" related to the "one person, one vote" principle of the Equal Protection Clause of the Fourteenth Amendment. Further, Hall requests an injunction forbidding Defendants from enforcing the 1993 Judicial Election Plan, including enjoining Defendants from "calling, holding, supervising, or certifying" any future elections. Hall also seeks a ruling and judgment holding Defendants liable under Section 1983, and granting him attorney's fees, pursuant to 42 U.S.C. § 1988.

As to the instant motion, the City/Parish seeks an order from this Court dismissing Hall's claims against the City Court of Baton Rouge for failure to state a claim upon which relief can be granted. The City/Parish argues that the City Court of Baton Rouge is not a juridical entity. Thus, it does not have the capacity to be sued, and Hall's claims against it must be dismissed.

Hall opposes the motion and argues that he had sufficiently stated a claim upon which relief can be granted because the City Court of Baton Rouge is a juridical entity with the capacity to be sued. According to Hall, the City Court of Baton Rouge is liable for violation of 42 U.S.C. § 1983 and Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. Thus, his claims against it should not be dismissed.

5

Case 3:12-cv-00657-BAJ-RLB   Document 176   09/30/13   Page 5 of 11

## II. Standard of Review

A Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

Furthermore, the Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (2007) (quoting *Twombly*, 550 U.S. at 558).

### III. Analysis

Rule 17(b) instructs that "[c]apacity to sue or be sued shall be determined . . . by the law of the state in which the court is located . . ." Fed. R. Civ. P. 17(b). Under Louisiana law, an entity must qualify as a "juridical person" to possess the capacity to be sued. *See, e.g.*, *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743 (La. App. 3rd Cir. 2000). A juridical person is "an entity to which the law attributes personality. . ." La. Civ. Code. Ann. art. 24.

In support of their motion, the City/Parish cites *Griffith v. State of Louisiana*, 808 F. Supp. 2d 926 (E.D. La. 2011), in which the District Court held that the Orleans Parish Juvenile Court is not a juridical person, and thus lacks the capacity to be sued. *Id.* at 934.

7

In her well reasoned opinion, Judge Helen G. Berrigan pointed to *Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So.2d 341 (La. 1994), in which the Louisiana Supreme Court set out a framework for determining whether an entity qualifies as a juridical person:

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Id.* at 346-347 (citations omitted). Accordingly, Judge Berrigan concluded that "where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis." *Griffith*, 808 F. Supp. 2d at 933-34 (citing *Green v. Dist. Attorney Office*, No. 08-3685, 2008 U.S. Dist. LEXIS 123191, at *10, 2009 WL 651132, at *4 (E.D. La. Oct. 30, 2008)). Judge Berrigan further reasoned that under the framework established by the Louisiana Supreme Court in *Roberts*, a Louisiana state court does not qualify as a juridical person, and thus lacks the capacity to be sued. *Id.* at 943. Accordingly, the plaintiff's claims against the Orleans Parish Juvenile Court were dismissed. *Id.*

In opposition, Hall directs the Court to *United States of America v. State of Louisiana*, 952 F. Supp. 1151 (W.D. La. 1997), in which a three-judge court enjoined the Shreveport City Court from engaging in certain activities until the City of

Shreveport obtained judicial preclearance of covered voting "changes," as required by Section 5 of the Voting Rights Act. According to Hall, *United States of America v. State of Louisiana* stands for the proposition that state courts are judicial entities that are capable of being sued under Sections 2 and 5 of the Voting Rights Act.

First, as noted above, this Court previously dismissed Hall's Section 5 claims. Thus, the issue of whether Defendants in this matter obtained Section 5 preclearance of alleged covered voting "changes" is not at issue.

Further, a close review of the court's lengthy opinion in *United States of America v. State of Louisiana* reveals that the issue of whether the Shreveport City Court is a juridical entity capable of being sued was not considered by the court. Indeed, the court only considered whether the Shreveport City Court is a political subunit of the City of Shreveport for the purpose of determining whether the City of Shreveport's annexations, which affected the Shreveport City Court elections, were covered voting "changes" that required Section 5 preclearance. Thus, *United States of America v. State of Louisiana* is not determinative here.

Louisiana's state courts are created by the Louisiana Constitution as component parts of a unified state system for the exercise of the state's judicial power. *Griffith*, 808 F. Supp. 2d at 934 (citing *Green*, 2008 U.S. Dist. LEXIS 123191, at *10, 2009 WL 651132, at *5 (citing La. Const., art. 5 §§ 1 & 16)). Thus, the City Court of Baton Rouge is not a separate entity, but instead, is a part of the greater body of the state government's judicial branch. *Id.* (citing *Green*, 2008 U.S. Dist. LEXIS 123191, at *10-11, 2009 WL 651132, at *5).

9

During the hearing on the matter, counsel for Hall argued that the City Court of Baton Rouge is not a part of the state government's judicial branch. Rather, it was created by the City of Baton Rouge, and thus, functions independently. Counsel's argument, however, is unavailing.

First, the Court notes that the establishment and continued existence of the City Court of Baton Rouge is provided for in state statute. La. Rev. Stat. § 13:1952(4)(a). Further, even the City of Baton Rouge's Plan of Government acknowledges that the City Court of Baton Rouge was created by the "Louisiana Revised Statues of 1950, as amended." *The Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge*, Section 11.04 (September 30, 2013), http://brgov.com/plan/. Indeed, Hall fails to cited to, nor has the Court identified, any case or law that confers upon the City Court of Baton Rouge the legal capacity to function independently of the state's uniform judicial system.

In further opposition, Hall contends that the City Court of Baton Rouge should be regarded as an "additional and separate government unit" solely based on the types of claims alleged against it in this matter. However, Hall fails to cited to, nor has the Court identified, any case or law to support this proposition.

As noted above, where, as here, there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *Griffith*, 808 F. Supp. 2d at 934. Thus, the Court concludes that the City Court of Baton Rouge does not have the capacity to sue or be sued, and must be dismissed from this matter. *See, e.g.*, *Wells v. Welborn*, No. 11-32-JJB, 2011 U.S. Dist.

10

Case 3:12-cv-00657-BAJ-RLB   Document 176   09/30/13   Page 10 of 11

LEXIS 61097, at *3, 2011 WL 2222311, at *1 (M.D. La. June 8, 2011) (Brady, J.) (finding that the East Baton Rouge Family Court is not a juridical entity capable of being sued); *Rutherford v. Louisiana*, No. 10-1987, 2011 U.S. Dist. LEXIS 16706, at *15-16, 2011 WL 692031, at *5 (E.D. La. Feb. 17, 2011) (Twenty-First Judicial District of the State of Louisiana is not a juridical person).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants the City of Baton Rouge and the Parish of East Baton Rouge's **FRCP 12(b)(6) Motion to Dismiss City Court of Baton Rouge (Doc. 55)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Kenneth Hall's claims against Defendant Baton Rouge City Court are hereby **DISMISSED**, with prejudice.

Baton Rouge, Louisiana, this 30th day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**