UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL AND
BRYON SHARPER

CIVIL ACTION

VERSUS

NO. 12-657-BAJ-RLB

STATE OF LOUISIANA, et al.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE

Before the Court is a Motion for Leave to Expand the Number of Interrogatories and Requests for Admissions (Motion) filed by Plaintiff, Kenneth Hall, and Plaintiff-Intervenor, Byron Sharper (Plaintiffs), on March 10, 2014. (R. Doc. 204). Defendant, Tom Schedler (Schedler), filed an Opposition on March 13, 2014 (R. Doc. 209). For the reasons given below, the Court **DENIES** Plaintiffs' Motion.

I. BACKGROUND

In this action, Plaintiffs allege Louisiana's 1993 Judicial Election Plan violates the Fourteenth and Fifteenth Amendments to the Constitution of the United States and the Voting Rights Act of 1965, 42 U.S.C. § 1973, by "impermissibly dilute[ing]" the voting rights of African Americans. (Compl., R. Doc. 1 at 12). On February 19, 2014, the Court issued the current Scheduling Order setting a discovery deadline of April 21, 2014. (R. Doc. 202 at 1). According to the Opposition, Plaintiff Kenneth Hall propounded discovery on Defendant Schedler on March 3, 2014. (R. Doc. 209 at 2). The discovery requests consisted of 20 Requests for Production, 21 Interrogatories and 90 Requests for Admission. (Pl.'s Disc. Req., R. Doc. 209-1). On March 10, 2014, Plaintiffs moved for "leave to propound an additional 50 interrogatories

and requests for admissions." (R. Doc. 204 at 3).[1]  Schedler objects to answering "the already propounded Requests for Admission" because they exceed the limit established by the Court's Local Rules, "as well as any additional requests or interrogatories that would exceed the limits set by the Federal Rules of this Court." (R. Doc. 209 at 2).[2]

## II. LAW AND ANALYSIS

Rule 33 of the Federal Rules of Civil Procedure and this Court's Local Rule 36.2 limit parties to 25 interrogatories and 25 requests for admission during discovery. *See* Fed. R. Civ. P. 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories"); LR 36.2 ("No party shall serve on any other party more than 25 requests for admission . . . ."). Nonetheless, a court may allow a moving party to exceed the set number of interrogatories and requests for admission where good cause is shown. *See* LR 36.2 ("Any party desiring to serve additional requests for admission shall file a written motion setting forth . . . the reasons establishing good cause for their use."); Fed. R. Civ. P. 33(a)(1) ("Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."); Fed. R. Civ. P. 26(b)(2) ("By order, the court may alter the limits in these rules on the number of depositions and interrogatories" or requests for admission.).

A court should consider the factors listed in Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure to determine the existence of good cause. *See Estate of Manship v. U.S.*, 232

---

[1] Plaintiffs' Motion does not specify whether he seeks leave to serve these addition interrogatories and requests for admission on all Defendants or only some; the Court must assume it pertains to all Defendants.

[2] Defendant's objection to the excessive number of Requests for Admission propounded on March 3, 2014 is noted. It is also clear that Plaintiffs have not been granted leave to serve more than the 25 requests for admission as required under Local Rule 36.2.  The instant Motion, however, concerns leave to propound an additional 50 interrogatories and requests for admissions.  Any challenge to previously served discovery, or the sufficiency of any responses to such discovery, is not properly before the Court.

F.R.D. 552, 558-59 (M.D. La. 2005).[3] "Frequently, the issue becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party." *Estate of Manship*, 232 F.R.D. at 559.

In support of their request, Plaintiffs suggest additional discovery is necessary for four reasons. (R. Doc. 204 at 2). First, "the majority of the evidence for the Court to consider is held by the Defendants." (R. Doc. 204 at 2). Second, interrogatories and requests for admission "are the most convenient form of discovery for much of the information sought." (R. Doc. 204 at 2). Third, without additional written discovery Plaintiffs will be required to take even more depositions than they already anticipate. Additional interrogatories and requests for admission will effectively limit "these depositions and sav[e] all parties from unnecessary expenses." (R. Doc. 204 at 2). Finally, Plaintiffs urge there are "a number of claims alleged, each with differing factual components, as well as numerous factual issues" that require additional discovery. (R. Doc. 204 at 3). Given the applicable standard, the Court finds Plaintiffs have not established good cause to warrant additional discovery.

At the outset, this Court's Local Rules required Plaintiffs to submit the proposed additional discovery requests in addition to showing good cause. Plaintiffs violated this requirement by not including the additional 50 requests for admission described in their Motion.

---

[3] Rule 26(b)(2)(C), the scope and extent of discovery should be determined by considering whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

This alone warrants denial of Plaintiffs' Motion.[4] *See* LR 36.2 ("Any party desiring to serve additional requests for admission shall file a written motion setting forth the proposed additional requests for admission and the reasons establishing good cause for their use.").

Beyond any procedural defect, the failure to provide the proposed additional interrogatories and requests for admission prevents the Court from considering certain allegations in Plaintiffs' Motion and further weighs in favor of denial. Plaintiffs explain they have limited the additional requests "by time and date when possible" to ensure they are "construed in such a way that, if thoroughly answered, limited document production will be required" and the expected scope of deposition testimony will be reduced. (R. Doc. 204 at 2-3). These generic statements do not indicate the subject matter of the intended requests or any specific factual issues that might be more easily resolved through additional written discovery as opposed to depositions. Without the proposed requests, the Court cannot assess their efficacy or if they are sufficiently limited as Plaintiffs allege. *See Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 148 (5th Cir. 1996) (district court did not abuse discretion in denying plaintiff's motion for leave to propound additional interrogatories partly because plaintiff failed to provide "the text" of the interrogatories to the court).

Even if Plaintiffs had included the proposed requests, the Court would reach the same conclusion because Plaintiffs have not otherwise established good cause. The Motion does not contain any "articulable reason for the need to send more interrogatories" or requests for admission. 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2168.1 (3d ed. 1998)

---

[4] Plaintiffs have also not complied with the Court's Scheduling Order, which provides that "motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 202 at 1). Plaintiffs' Motion does not contain a certificate of compliance or otherwise indicate Plaintiffs conferred with opposing counsel before filing their Motion.

(Number of Interrogatories).  Instead, Plaintiffs contend "[t]here are a number of claims alleged, each with differing factual components, as well as numerous factual issues that must be explored in discovery." (R. Doc. 204 at 3).  However, this is true of nearly any civil case in federal court.  Plaintiffs have simply described the nature of litigation, as opposed to offering a reason why the particular facts and circumstances of their case set it apart from others and merit additional the discovery requested and the accompanying burden on the defendants. *See Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 148 (5th Cir. 1996) (denying request to exceed number of allowed interrogatories where plaintiff "did not explain why additional interrogatories were necessary, beyond stating that the information related to [defendant's] defenses in some unspecified way").  As such,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Expand the Number of Interrogatories and Requests for Admissions (R. Doc. 204) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 18, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**