UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL                                             CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                    NO.: 12-00657-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion for Reconsideration (Doc. 185)**, filed by Defendant Tom Schedler ("Schedler"), seeking an order from this Court reversing the Court's previous Ruling and Order (Doc. 175) denying Schedler's motions to dismiss (Docs. 40, 42, 47). Plaintiff Kenneth Hall ("Hall") opposes the motion. (Doc. 197.) Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

When, as here, a party's motion to reconsider concerns an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure ("Rule") 54(b).[1] Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico*

---

[1] Schedler erroneously states that he seeks reconsideration pursuant to Rule 60. (Doc. 185, p. 1.) However, Rule 60 applies to final judgments. *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 151-52 (E.D. La. 2012) (citations omitted). When, as here, a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Rule 54(b) controls. *Id.* at 152 (citation omitted).

*Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

In support of his motion, Schedler argues that Hall's claims against him are proscribed by the Eleventh Amendment. Specifically, Schedler contends that the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to him. According to Schedler, Hall's Section 1983 claims are solely based on Schedler's past actions and not any ongoing or future actions. Schedler further contends that he has not threatened to infringe on Hall's constitutional rights. Rather, as Secretary of State, he is required to enforce state law. Accordingly, Schedler requests the Court reverse its previous ruling and dismiss Hall's Section 1983 claims against him.

In opposition, Hall argues that the *Ex parte Young* exception to Eleventh Amendment immunity applies to Schedler. In support of his argument, Hall points to those portions of his Complaint in which he seeks prospective relief. Hall further points to those portions of his Complaint in which he alleged Schedler's connection to

the enforcement of the Judicial Election Plan, and those portions in which he alleged that Schedler has commenced or threatened to commence proceedings to enforce the Judicial Election Plan.

For the reasons stated in the Court's previous ruling and order, the Court finds that Hall has alleged sufficient allegations to meet the requirements of the *Ex part Young* exception. Indeed, Schedler has not presented any arguments or facts that would require the Court to reverse its previous ruling. Accordingly, Schedler's request that the Court find that Hall's Section 1983 claims against him are proscribed by the Eleventh Amendment is **DENIED**.

In further support of his motion, Schedler further argues that Hall has failed to sufficiently allege a claim under Section 2 of the Voting Rights Act. According to Schedler, Hall's allegations fail to identify any specific violations of Section 2 by Schedler. Schedler further argues that, because he did not draft and does not have the ability to change the Judicial Election Plan, he is unable to redress Hall's alleged grievances under the Voting Rights Act. Accordingly, Schedler contends that Hall's Section 2 claims against him must be dismissed.

In opposition, Hall argues that the Court should deny Schedler's request. Hall contends that he has sufficiently pled Section 2 claims against Schedler. He further contends that the "totality of the circumstances" inquiry under *Westwego Citizens for*

*Better Government v. Westwego*, 946 F.2d 1109, 1116 (5th Cir.)[2] is fact intensive, and thus, inappropriate for dismissal at this stage of the litigation.

For the reasons stated in the Court's previous ruling and order, the Court finds that Hall has alleged sufficient allegations under Section 2 of the Voting Rights Act. Indeed, Schedler has not presented any new arguments or facts that would require the Court to reverse its previous ruling. Further, Schedler has not cited, nor has the Court identified, any case law or statute to support his argument that he is not a proper party. Accordingly, Schedler's request that the Court dismiss Hall's Section 2 of the Voting Rights Act claims is **DENIED**.

Accordingly,

**IT IS ORDERED** that Defendant Tom Schedler's **Motion for Reconsideration (Doc. 185) is DENIED.**

Baton Rouge, Louisiana, this 25th day of March, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] *See* Doc. 175, pp. 20-21.