UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL                                              CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                                NO.: 12-00657-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion to Dismiss Intervenor Bryon Sharper's Complaint and Supplemental Complaint (Doc. 136)**, filed by Defendant Tom Schedler ("Schedler"), seeking an order from this Court dismissing Intervenor Plaintiff Byron Sharper's ("Sharper") claims, pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Sharper opposes the motion. (Doc. 146.) Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. 1331.

On October 18, 2012, Plaintiff Kenneth Hall ("Hall") initiated the instant litigation.[1] On May 1, 2013, the Court granted Sharper's motion to intervene. (Doc. 127.) Accordingly, Sharper filed a Complaint, Supplemental Complaint, and Second

---

[1] For a detailed summary of Hall's claims *see* Docs. 173-179.

Amending and Supplemental Complaint.[2] (Docs. 128, 133, 181.) Like Hall, Sharper alleges that the City of Baton Rouge's Judicial Election Plan, enacted by the Louisiana State Legislature in 1993, dilutes and diminishes the voting rights of African American voters in the City of Baton Rouge, in violation of the U.S. Constitution and the Voting Rights Act of 1965.[3] Like Hall, Sharper named, *inter alia*, Schedler as a Defendant.[4] (Docs. 128, 133, 181.)

In support of the instant motion, Schedler incorporates the arguments made in his previous motions to dismiss Hall's claims. (Docs. 40, 42, 47, 119.) In opposition, Sharper incorporates the arguments made in Hall's previous memoranda in opposition to Schedler's motions to dismiss. (Docs. 50, 57.) Accordingly, the Court shall apply the standard set out in its previous ruling and order denying Schedler's motions to dismiss Hall's claims. (Doc. 175.)

Accepting all well pled facts as true, and viewing them in a light most favorable to Sharper, the Court concludes that Sharper's Intervenor Complaint, on its face, sufficiently alleges that Schedler has some connection with the enforcement of the 1993 Judicial Election Plan, or that he is specifically charged with the duty to enforce

---

[2] Where, as here, the plaintiff's subsequent complaints refer to, adopt, and incorporate the original complaint, it cannot be said that the subsequent complaints superceded the original complaint. *Stewart v. City of Houston Police Dep't*, 372 Fed. Appx. 475, 478 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, in considering the instant motion, the Court shall analyze Sharper's Original Complaint (Doc. 128), Supplemental Complaint (Doc. 133), and Second Amending and Supplemental Complaint (Doc. 181).

[3] For a detailed summary of Sharper's claims *see* Docs. 173-179, 214.

[4] Defendant Schedler is sued in his official capacity as the Louisiana Secretary of State.

the Plan and is currently exercising and/or threatening to exercise that duty. *See Ex parte Young*, 209 U.S. 123, 157 (1908) ("[i]n making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional . . . such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party."). The Court further concludes that Sharper's Intervenor Complaint, on its face, sufficiently alleges an ongoing violation of federal law, and that he seeks relief that is properly characterized as prospective. Therefore, for the reasons set forth in the Court's ruling and order denying Schedler's motions to dismiss Hall's claims (Doc. 175), the Court concludes that Sharper has met the *Ex parte Young* exception.[5] Thus, Sharper's Section 1983 claims against Schedler are not proscribed by Eleventh Amendment sovereign immunity.

Accordingly, Schedler's request that the Court dismiss Sharper's Section 1983 claims against him is **DENIED**, and Schedler's request that the Court deny Sharper's request for attorney's fees, pursuant to 42 U.S.C. § 1988 is **DENIED AS PREMATURE**.

Further, for the reasons set forth in the Court's ruling and order denying Schedler's motions to dismiss Hall's claims (Doc. 175), Schedler's request that the Court dismiss Sharper's claims under 42 U.S.C. § 1973(j) is **DENIED**.

---

[5]In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity, thereby permitting suits against state officials in their official capacity in order to enjoin enforcement of an unconstitutional state statute. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (citing *Ex parte Young*, 209 U.S. at 157).

Further, for the reasons set forth in the Court's ruling and order denying Schedler's motions to dismiss Hall's claims (Doc. 175), Schedler's request that the Court dismiss Sharper's claims under Section 2 of the Voting Rights Act is **DENIED**.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant Tom Schedler's **Motion to Dismiss Intervenor Bryon Sharper's Complaint and Supplemental Complaint (Doc. 136)** is **DENIED**.

Baton Rouge, Louisiana, this 31st day of March, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**