UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL                                                          CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                                   NO.: 12-00657-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion for Reconsideration (Doc. 184)**, filed by Defendants the State of Louisiana, Governor Piyush Jindal ("Jindal"), and Attorney General James Caldwell ("Caldwell") (collectively "Defendants"), seeking an order from this Court reversing the Court's previous Ruling and Order granting in part and denying in part Defendants' motion to dismiss. (Docs. 39, 174.) Plaintiff Kenneth Hall ("Hall") opposes the motion. (Doc. 196.) Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

When, as here, a party's motion to reconsider concerns an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure ("Rule") 54(b).[1] Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties'

---

[1] Defendants erroneously state that they seek reconsideration pursuant to Rule 60. However, Rule 60 applies to final judgments. *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 151-52 (E.D. La. 2012) (citations omitted). When, as here, a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Rule 54(b) controls. *Id.* at 152 (citation omitted).

rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

In support of their motion, Defendants argue that Hall's claims against them are proscribed by the Eleventh Amendment. Specifically, Defendants contend that Hall has not sufficiently pled claims to meet the *Ex parte Young* exception to Eleventh Amendment immunity. Thus, Hall's Section 1983 claims against Jindal and Caldwell must be dismissed. Defendants further argue that Hall has failed to state a claim upon which relief can be granted under Section 2 of the Voting Rights Act. Thus, Hall's Section 2 claims must be dismissed. Finally, Defendants contend that Hall has failed to meet the requirements for permanent injunctive relief. Accordingly, his request for such relief must be denied.

In opposition, Hall argues that the *Ex parte Young* exception to Eleventh Amendment immunity applies to his Section 1983 claims against Jindal and Caldwell. Hall further contends that he has sufficiently pled claims upon which relief can be granted under Section 2 of the Voting Rights Act. Hall also argues that he has met the requirements for permanent injunctive relief. Alternatively, he argues that, at this stage of the litigation, a ruling on his request for permanent injunctive relief would be premature.

For the reasons set forth in the Court's previous Ruling and Order, the Court finds that Hall has pled sufficient allegations to meet the requirements of the *Ex parte Young* exception to Eleventh Amendment immunity. (Doc. 174.) Indeed, Defendants have not presented any arguments or facts that would require the Court to reverse its previous ruling. Additionally, the Court declines to consider arguments raised for the first time on reconsideration. *McClung*, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1. Accordingly, Defendants' request that the Court dismiss Hall's Section 1983 claims against Jindal and Caldwell is **DENIED**.

For the reasons set forth in the Court's previous Ruling and Order, the Court also finds that Hall has sufficiently pled claims upon which relief can be granted under Section 2 of the Voting Rights Act. (Doc. 174.) In support of their motion, Defendants make many of the arguments previously submitted in support of their motion to dismiss. (Doc. 39.) However, as noted above, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden*, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at

*1. Further, the Court declines to consider arguments raised for the first time by Defendants in the instant motion for reconsideration. *McClung*, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1. Accordingly, Defendants' request that the Court dismiss Hall's claims under Section 2 of the Voting Rights Act is **DENIED**.

The Court further notes that Defendants failed to make any arguments regarding Hall's request for a permanent injunction in their original motion to dismiss. (Doc. 39.) The Court declines to consider Defendants' arguments, which they attempt to raise for the first time in the instant motion for reconsideration. *McClung*, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1. Further, at this stage of the litigation, a ruling on Hall's request for permanent injunctive relief would be premature. Accordingly, Defendants' request that the Court deny Hall's request for permanent injunctive relief is **DENIED**.

Accordingly,

**IT IS ORDERED** that Defendants the State of Louisiana, Governor Piyush Jindal, and Attorney General James Caldwell's **Motion for Reconsideration (Doc. 184)** is **DENIED**.

Baton Rouge, Louisiana, this 7th day of April, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**