UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL                                          CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                            NO.: 12-00657-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss Amended Complaints (Doc. 190)**, filed by Defendants the State of Louisiana, Governor Piyush Jindal ("Jindal"), and Attorney General James Caldwell ("Caldwell") (collectively "Defendants"), seeking an order from this Court dismissing Plaintiff Kenneth Hall's ("Hall") claims, pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Hall opposes the motion. (Doc. 198.) Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. 1331.

I.   **Background**

The facts of this case are well known to the Court and the parties, and were set out in detail in the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss Hall's claims.[1] (Docs. 174.)

After the filing of Defendants' first motion to dismiss, but prior to the Court's Ruling and Order granting in part and denying in part Defendants' first motion to

---

[1] For a detailed summary of Hall's claims *see also* Docs. 173, 175-179.

dismiss, Hall filed a Second Amending and Supplemental Complaint and a Third Amending and Supplemental Complaint. (Docs. 39, 74, 76 174.) Accordingly, the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss analyzed the sufficiency of the allegations in Hall's Original Complaint, First Amending and Supplemental Complaint, Second Amending and Supplemental Complaint, and Third Amending and Supplemental Complaint. (Docs. 1, 13, 74, 76, 174.) Subsequently, Hall filed a Fourth Amending and Supplemental Complaint. (Doc. 180.) In response, Defendants filed the instant motion.

As to the instant motion, Defendants seek an order from this Court dismissing Hall's claims, pursuant to Rules 12(b)(1) and 12(b)(6). Defendants contend that the Court lacks subject matter jurisdiction to adjudicate the claims brought against them, as Hall's claims are barred by Eleventh Amendment immunity. In the alternative, Defendants argue that they are entitled to qualified immunity. In the alternative, Defendants contend that Hall has failed to state a claim upon which relief can be granted because: (1) Jindal and Caldwell are not the proper Defendants; (2) he has failed to state a claim upon which relief can be granted under Section 3(c) of the Voting Rights Act; (3) he has failed to meet the requirements for permanent injunctive relief; (4) he has failed to state a claim upon which relief can be granted under Section 2 of the Voting Rights Act; (5) he has failed to state a claim upon which relief can be granted under the Fifteenth Amendment; (6) he has failed to state a claim upon which relief can be granted under the Privileges and Immunities Clause of the Fourteenth

Amendment; and (7) he has failed to state a claim upon which relief can be granted under Section 1983.

Hall opposes the motion and argues that Defendants' motion should be denied because it merely urges arguments previously made in Defendants' first motion to dismiss. Hall further contends that he has not alleged a claim under Section 3(c) of the Voting Rights Act. Rather, he seeks relief under Section 3(c) only. Thus, Defendants' request that the Court dismiss his claim under Section 3(c) must be denied. Hall further adopts the arguments made in his memorandum in opposition to Defendants' first motion to dismiss, and the arguments made in his memorandum in opposition to Defendants' motion for reconsideration of the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, as to why his claims should not be dismissed. (Docs. 51, 184.)

## II.   Standard of Review

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286-287 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)). Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) jurisdictional attack before addressing

any attack on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2001)). Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citing *Ramming*, 281 F.3d at 161). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

A complaint is subject to dismissal under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) ("Under the Rule 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff . . . ."); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Analysis

As noted above, subsequent to the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, and prior to the instant motion, Hall filed a Fourth Amending and Supplemental Complaint. Where, as here, the plaintiff's subsequent complaints refer to, adopt, and incorporate the original complaint, it cannot be said that the subsequent complaints superceded the original

complaint. *Stewart v. City of Houston Police Dep't*, 372 Fed. Appx. 475, 478 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, in considering the instant motion, the Court shall analyze Hall's Original Complaint, First Amending and Supplemental Complaint, Second Amending and Supplemental Complaint, Third Amending and Supplemental Complaint, and Fourth Amending and Supplemental Complaint. However, as noted below, the Court declines to waste precious judicial resources by conducting duplicative analysis and re-analyzing the sufficiency of certain claims.

### A. Subject Matter Jurisdiction

#### 1. Eleventh Amendment Immunity

In its Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, the Court concluded that Hall's claims against Jindal and Caldwell are not barred by Eleventh Amendment immunity. (Doc. 174.) In other words, the Court has already ruled on Defendants' request. Further, Defendants have failed to point to any allegations in Hall's Fourth Amending and Supplemental Complaint or a change in controlling law that requires a different conclusion. For these reasons, and for the reasons set out in the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, Defendants' request that the Court dismiss Hall's claims on this basis is **DENIED**.

#### 2. Qualified Immunity

In support of their motion, Defendants argue that Jindal and Caldwell are entitled to qualified immunity. Qualified immunity protects government officials sued

complaint. *Stewart v. City of Houston Police Dep't*, 372 Fed. Appx. 475, 478 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, in considering the instant motion, the Court shall analyze Hall's Original Complaint, First Amending and Supplemental Complaint, Second Amending and Supplemental Complaint, Third Amending and Supplemental Complaint, and Fourth Amending and Supplemental Complaint. However, as noted below, the Court declines to waste precious judicial resources by conducting duplicative analysis and re-analyzing the sufficiency of certain claims.

### A. Subject Matter Jurisdiction

#### 1. Eleventh Amendment Immunity

In its Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, the Court concluded that Hall's claims against Jindal and Caldwell are not barred by Eleventh Amendment immunity. (Doc. 174.) In other words, the Court has already ruled on Defendants' request. Further, Defendants have failed to point to any allegations in Hall's Fourth Amending and Supplemental Complaint or a change in controlling law that requires a different conclusion. For these reasons, and for the reasons set out in the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, Defendants' request that the Court dismiss Hall's claims on this basis is **DENIED**.

#### 2. Qualified Immunity

In support of their motion, Defendants argue that Jindal and Caldwell are entitled to qualified immunity. Qualified immunity protects government officials sued

in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *James v. Dallas Hous. Auth.*, 526 Fed. Appx. 388, 391-392 (5th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (holding that officials in their individual capacities "may . . . be able to assert personal immunity defenses," including qualified immunity, that are not available in official-capacity suits); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 371 (5th Cir. 2010) (stating that qualified immunity is "a defense that is only relevant to individual capacity claims"). Here, Hall alleges claims against Jindal and Caldwell in their official capacities *only*. Thus, the doctrine of qualified immunity is inapplicable. Accordingly, Defendants' request that the Court dismiss Hall's claims on this basis is **DENIED**.

### B. Whether Hall Has Sufficiently Pled Claims Upon Which Relief Can Be Granted

#### 1. Whether Jindal and Caldwell are Proper Defendants

In its Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, the Court concluded that Hall sufficiently alleged allegations against Jindal and Caldwell. (Doc. 174.) In other words, the Court has already ruled on Defendants' request. Further, Defendants have failed to point to any allegations in Hall's Fourth Amending and Supplemental Complaint or a change in controlling law that requires a different conclusion. For this reason, and for the reasons set out in the Court's Ruling and Order granting in part and denying in part Defendants' first motion

to dismiss, Defendants' request that the Court dismiss Hall's claims on this basis is **DENIED**.

### 2. Whether Hall Has Sufficiently Alleged Facts to State a Claim Upon Which Relief Can Be Granted Under Section 3(c) of the Voting Rights Act

A review of Hall's Fourth Amending and Supplemental Complaint reveals that he does *not* allege a claim under Section 3(c) of the Voting Rights Act. (Doc. 180.) Rather, Hall seeks relief under Section 3(c) only. (Doc. 180, *Prayer for Relief*.)

Indeed, Section 3(c) does not provide for a cause of action. Rather, parties may seek relief under Section 3(c) *only*. 42 U.S.C. § 1973a(c). Accordingly, Hall's Fourth Amending and Supplemental Complaint requests the Court "bail-in" the State of Louisiana, pursuant to Section 3(c), only after a finding that Defendants violated the Fourteenth and Fifteenth Amendments. (Doc. 180, *Prayer for Relief*.)

In sum, the Court concludes that Hall has not alleged claims under Section 3(c). Rather, he seeks relief under Section 3(c) *only*. Accordingly, Defendants' request that the Court dismiss Hall's claims under Section 3(c) of the Voting Rights Act is **DENIED**.

### 3. Whether Hall Has Sufficiently Alleged Claims That Meet the Requirements for Permanent Injunctive Relief

In support of their motion, Defendants argue that Hall has not met the requirements for permanent injunctive relief. However, at this stage of the litigation, a ruling on Hall's request for permanent injunctive relief would be premature.

Case 3:12-cv-00657-BAJ-RLB   Document 240   04/14/14   Page 8 of 12

*Shepard v. Supreme Ct. of La.*, No. 12-2627, 2013 U.S. Dist. LEXIS 19347, at *10 (E.D. La. Feb. 13, 2013) (Zainey, J.) (noting that "[t]he question of whether permanent prospective injunctive relief is an appropriate form of relief is premature because that question only becomes relevant if declaratory relief is ultimately granted."). Accordingly, Defendants' request that the Court deny Hall's request for permanent injunctive relief is **DENIED**.

### 4. Whether Hall Has Sufficiently Alleged Facts to State a Claim Upon Which Relief Can Be Granted Under Section 2 of the Voting Rights Act

In the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss Hall's claims, the Court concluded that Hall sufficiently alleged claims under Section 2 of the Voting Rights Act. (Doc. 174.) In other words, the Court has already ruled on Defendants' request. Further, Defendants have failed to point to any allegations in Hall's Fourth Amending and Supplemental Complaint or a change in controlling law that requires a different conclusion. For this reason, and for the reasons set out in the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, Defendants' request that the Court dismiss Hall's claims under Section 2 of the Voting Rights Act is **DENIED**.

### 5. Whether Hall Has Sufficiently Alleged Facts to State a Claim Upon Which Relief Can Be Granted Under the Fifteenth Amendment

In support of their motion, Defendants argue that the Fifteenth Amendment is not implicated here because the 1993 Judicial Election Plan, on its face, does not

restrict the right to vote based on race, and because the United States Department of Justice precleared the Plan.

However, Defendants fail to cite, nor has the Court identified, any case law that stands for the proposition that an election plan must, on its face, discriminate on the basis of race in order for the Fifteenth Amendment to be implicated. Rather, it is well established that "the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Reynolds v. Sims*, 377 U.S. 533, 555 (1964). In sum, the Court finds Defendants' unsupported argument unavailing. Accordingly, Defendants' request that the Court dismiss Hall's claims under the Fifteenth Amendment is **DENIED**.

### 6. Whether Hall Has Sufficiently Alleged Facts to State a Claim Upon Which Relief Can Be Granted Under the Privileges and Immunities Clause

In support of their motion, Defendants argue that "the right to vote for state officers or initiatives 'is a right or privilege of state citizenship, not of national citizenship which alone is protected by the privileges and immunities clause.'" (Doc. 190, p. 12.) Thus, Defendants contend that Hall's claims under the Privileges and Immunities Clause of the Fourteenth Amendment fail as a matter of law.

A claim under the Fourteenth Amendment's Privileges and Immunities Clause is to be narrowly construed. *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 760 (5th Cir. 1987). "The clause protects only uniquely federal rights such as the right to petition Congress, the right to vote in federal election[s], the right to interstate travel, the right to enter federal lands, or the rights of a citizen in federal custody." *Id.*

Therefore, the key inquiry is whether the privilege claimed is one that arises by virtue of national citizenship. *Mitchell v. Beaumont Indep. Sch. Dist.*, No. 1:05-CV-195, 2006 U.S. Dist. LEXIS 55862, at *48-49 (E.D. Tex. July 24, 2006) (citations omitted).

Here, Defendants' alleged actions have no bearing on Hall's national citizenship rights, and hence, did not deprive him of any federal privileges and immunities protected by the Clause. *See id.* at *49. Therefore, the Court finds that Hall has failed to state a claim upon which relief can be granted under the Privileges and Immunities Clause. Accordingly, Defendants' request that the Court dismiss Hall's claims under the Privileges and Immunities Clause of the Fourteenth Amendment is **GRANTED**.

### 7. Whether Hall Has Sufficiently Alleged Facts to State a Claim Upon Which Relief Can Be Granted Under Section 1983

While Defendants' argument is not entirely clear, it appears Defendants contend that Hall has failed to sufficiently allege a claim under Section 1983 because he has merely made general allegations regarding a conspiracy to intentionally discriminate, and because he has not identified a state or municipal custom or policy.

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.' [T]his provision safeguards certain rights conferred by federal statutes." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). Accepting all well-pled facts as true and viewing them in the light most favorable to Hall, the Court concludes that he has sufficiently alleged that Jindal and Caldwell acted under color of state law, and that Defendants'

conduct deprived him of a right, privilege, or immunity secured by the Constitution or federal law.

Further, the cases cited by Defendants relate to municipal liability. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In the Court's Ruling and Order granting in part and denying in part Defendants' first motion to dismiss, the Court dismissed Hall's Section 1983 claims against the State of Louisiana. (Doc. 174.) Accordingly, the State of Louisiana's liability under Section 1983 is no longer implicated. Accordingly, Defendants' request that the Court dismiss Hall's Section 1983 claims is **DENIED**.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss Amended Complaints (Doc. 190) is GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' request that the Court dismiss Hall's 42 U.S.C. § 1983 claims against Jindal and Caldwell is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request that the Court dismiss Hall's claims under Section 3(c) of the Voting Rights Act is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request that the Court deny Hall's request for permanent injunctive relief is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request that the Court dismiss Hall's claims under Section 2 of the Voting Rights Act is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request that the Court dismiss

Hall's claims under the Fifteenth Amendment is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request that the Court dismiss Hall's claims under the Privileges and Immunities Clause of the Fourteenth Amendment is **GRANTED**. Hall's claims against the State of Louisiana, Jindal, and Caldwell *only* under the Privileges and Immunities Clause of the Fourteenth Amendment *only* are hereby **DISMISSED**, with prejudice.

Baton Rouge, Louisiana, this 14th day of April, 2014.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**