UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH HALL,** *Plaintiff* | * * * | **CIVIL ACTION 3:12-cv-657** |
| **VERSUS** | * * | |
| **STATE OF LOUISIANA, PIYUSH ("BOBBY") JINDAL, in his official capacity as Governor of the State of Louisiana, JAMES D."BUDDY" CALDWELL, in his official capacity as Attorney General, and TOM SCHEDLER, in his official capacity as the Louisiana Secretary of State, CITY OF BATON ROUGE, PARISH OF EAST OF BATON ROUGE, and BATON ROUGE CITY COURT,** *Defendants* | * * * * * * * * * * * * | **CHIEF JUDGE BRIAN A. JACKSON** **MAGISTRATE RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come Defendants, James D. "Buddy" Caldwell, individually and in his official capacity as the Attorney General, and Bobby Jindal, individually and in his official capacity as the Governor, who move for summary judgment as to the claims raised by the Plaintiff and Intervenor.

The Defendants note that at the outset of this proceeding, and in open court, counsel for the Plaintiff and Intervenor admitted to "casting a wide-net" in terms of naming Defendants. In this case, the Plaintiff and Intervenor named numerous state actors, including the State of Louisiana, the Attorney General, the Secretary of State, the Governor, and members of the Legislature.

Discovery is complete, and it has revealed that there is no basis for this Honorable Court to keep certain State actors in this case, especially in their individual capacities. The Plaintiff and Intervenor have acknowledged that there is no basis for claims of intentional discrimination. Moreover, no act or omission by the Governor or the Attorney General can alter the outcome of this case, as the relief requested by the Plaintiff and Intervenor exceeds the scope of powers and duties of the Governor and the Attorney General as a matter of law.

Therefore, for the reasons set forth below, the Governor and the Attorney General should be dismissed as parties in this case.[1]

I. **APPLICABLE LAW – SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial.[2] As a matter of law, summary judgment is warranted where the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue of any material fact.[3] The materiality of facts is determined by substantive law.[4]

The non-moving party's burden is not met by mere reliance on the allegations or denials in the pleadings. Rather, conclusory allegations, speculation, hearsay statements and unsubstantiated assertions are inadequate to satisfy the non-moving party's burden.[5] The non-moving party must point out specific facts, supported by evidence, which show the existence of a

---

[1] Intervenor, Sharper, did not name the Attorney General and the Governor as defendants in their individual capacities. Rec. Doc. 128 at p. 2.
[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[3] Fed. R.Civ. Pro. 56(c); *Celotex*, 477 U.S. at 322-23.
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5 Cir. 2002); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5 Cir. 1992).

genuine material issue.[6] However, even if such evidence is presented, where critical evidence is so weak or tenuous on an essential fact, summary judgment remains proper.[7]

Thus, in this case, to avoid summary judgment, Plaintiff and Intervenor must go beyond their pleadings and designate specific facts showing that there is a genuine issue for trial.[8] In the absence of proof, it is not for the court to assume that he could or would prove the necessary facts.[9]

## II. ARGUMENT

### A. THE PLAINTIFF FAILS TO ESTABLISH LIABILITY ON THE PART OF THE GOVERNOR AND THE ATTORNEY GENERAL

Though a suit for monetary damages against a state official in his or her individual capacity is not barred by the Eleventh Amendment, the Plaintiff must nonetheless meet certain requirements in order to state a legally viable claim, and the state official is entitled to certain legal protections: first, there must be a showing through well-pleaded facts that the individual state actor was directly involved in an alleged federal constitutional deprivation,[10] and even if so, the official is entitled to assert the defense of qualified immunity.[11]

No causal connection was pled between any specific acts or omissions by the Attorney General or the Governor, and there were no well pleaded facts to establish a constitutional deprivation of any kind. Further, discovery is now completed, and no discoverable facts can show that the Attorney General and/or the Governor were directly involved in an alleged federal constitutional deprivation.

---

[6] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5 Cir. 1998).
[7] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5 Cir. 1994)(en banc).
[8] *Id.*
[9] *Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5 Cir. 1994)(en banc).*
[10] The remedy established in 42 U.S.C. Section 1983 applies only to violations of rights secured by federal statutory and Constitutional law. It does not provide an independent right or cause of action within itself. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980).
[11] Defendants asserted the defense of qualified immunity in motions to dismiss previously filed.

**No Causal Connexity**

In order to impose individual liability on a defendant under Section 1983, a Plaintiff must show that the Defendant's actions caused the deprivation of his Plaintiff's constitutional rights.[12] It is well settled that there is no vicarious or *respondeat superior* liability under Section 1983.[13] Only direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[14] Thus, in order to be liable under Section 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.[15] In the present case, the Plaintiff and Intervenor do not allege any facts relative to specific acts by the Governor or the Attorney General. It is clear that a complaint devoid of well-pleaded facts, showing direct personal acts of alleged wrongdoing by a specific defendant resulting in a constitutional deprivation, fails to state a claim upon which relief can be granted and must be dismissed.

Further, discovery has not revealed any specific acts by the Governor and/or the Attorney General which would support liability under Section 1983. The Defendants aver that as a matter of law neither the Governor of the State of Louisiana nor the Attorney General of the State of Louisiana have proper authority to grant the Plaintiff and the Intervenor the relief they seek. Further, enjoining the Attorney General and/or the Governor would be of no benefit to the Plaintiff and/or Intervenor.

---

[12] *See generally, Alton v. Texas A&M University,* 168 F.3d 196, 200 (5th Cir. 1999).
[13] *Alton,* 168 F. 3d at 200; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).
[14] *Coleman v. Houston Independent Sch. Dist.*, 113 F. 3d 528,534 (5th Cir. 1997); *Monell,* 435 U.S. at 691.
[15] *Lozano v. Smith,* 718 F. 2d 756 (5th Cir. 1983); See also *Brown v. Cain,* (not reported in F.Supp.2d ) 2012 WL 3903448.

The creation and/or assignment of voting districts is within the authority of the legislative branch of the State of Louisiana. La. Const. art. III, § 1; La. R.S. 13:1952. The Louisiana Legislature created the current Election Sections for the election of City Court Judges and is the proper authority to change or amend the geographic boundaries of those Election Sections. See La. Const. art. III, § 1. Alternatively, the City of Baton Rouge can amend its Plan of Government. See Plan of Government, Section 11.04

The power and authority of the Governor is set forth in La. Const. art. IV § 5. The creation and/or assignment of voting districts is not within the authority of the Governor. *Id*. Governor Jindal **has not** vetoed any legislation relative to the creation and/or assignment of voting districts by the Baton Rouge City Court. The Plaintiff and Intervenor admit that they have no evidence to support their allegations that the Governor has intentionally discriminated against the Plaintiff and/or minority voters. See Exhibit D, Request for Production Numbers 3, 4, 5, 6, 7, 8, 9, 10; See also Exhibit E, Request for Production Numbers 3, 4, 5, 6, 7, 8, 9, 10. The Governor has no authority to conduct elections for Baton Rouge City Court, and the Intervenor admits that it has no evidence showing that the Governor has this authority. See Exhibit E, Request for Production Number 12.

The Governor only has the right to propose or veto legislation. La. Const. art. IV, § 5. In this case, there is no evidence that the Governor ever vetoed legislation relative to the City Court Judges, and in fact no legislation has been passed by the Legislature since the creation of the Judicial Election Sections as part of the 1993 Election Plan.

The power and authority of the Attorney General is set forth in La. Const. art. IV, § 8. The creation and/or assignment of voting districts is not within the authority of the Attorney

General. The Attorney General has no authority to conduct elections for Baton Rouge City Court.

At the onset of this case, the Plaintiff and Intervenor claimed Section 5 violations under the Voting Rights Act related to preclearance. This Honorable Court dismissed the Section 5 claims in the light of the United States Supreme Court's ruling in the case of *Shelby County v. Holder*, 133 S.Ct. 2612 (2013). Even if these claims had not been dismissed, there still would be no basis to hold the Attorney General individually liable, as the evidence shows that all preclearance for the 1993 election plan was properly sought and given by the United States Department of Justice. See Exhibit A, Affidavit of Erin Day.

Most importantly, the Plaintiff and Intervenor admit that they have no evidence of personal, intentional discretion by the Attorney General. See Exhibit C, Request for Admission Numbers 1 and 2; See Exhibit B, Request for Admission, Numbers 1 and 2.

The Plaintiff responds in his discovery that it is proper to name the Attorney General as a party Defendant because this case involves a constitutional challenge. See Exhibit C, Request for Admission Numbers 1 and 2; See Exhibit B, Request for Admission, Numbers 1 and 2. However, this position is contrary to State and Federal law, which only require that the Attorney General be notified of a constitutional challenge. See La.Code Civ.P. art. 1880; La. R.S. 13:4448; 28 U.S.C. § 2403(b).

No act or omission by the Governor or the Attorney General can alter the outcome in this case. The Governor and the Attorney General have no authority of any kind to pass legislation relative to the Election Sections for the Baton Rouge City Court. See La. Const. art. II, §§ 1 and 2.

B.     Plaintiff's 1983 Claim is Prescribed[16]

Federal courts borrow state statutes of limitations to govern claims brought under section 1983.[17] Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions.[18] Under federal law, a Section 1983 action accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action.[19]

Louisiana Civil Code Article 3492 states in pertinent part that, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The Fifth Circuit has continually held that Louisiana's one year prescriptive period is applicable to actions under 42 U.S.C.A. § 1983.[20] Under federal law, a cause of action under Section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.[21]

The Plaintiff's original action was filed on October 18, 2012 (Rec. Doc. 1) and the Intervenor filed his complaint on May 13, 2013. (Rec. Doc. 128) In the case at bar, the most recent complaints state that,

> The Defendants knew that the city of Baton Rouge became a majority-minority populated city as early as the year 2000. After the September 2005 Hurricanes Katrina and Rita, the Defendants

---

[16] The Intervenor did not sue the Attorney General or the Governor in their individual capacities. See Rec. Doc. 128 at p. 2.
[17] *Harris v. Hegmann*, 198 F.3d 153 (C.A. 5 (La.), 1999) *referring to Burge v. Parish of St. Tammany,* 996 F.2d 786, 788 (5th Cir.1993) (citing Hardin v. Straub*, 490 U.S. 536, 538-39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992)).
[18] *Id* at 157. See also *Gartrell v. Gaylor*, 981 F.2d at 257. )C.A.5 (Tex.), 1993)
[19] *Id*. See also *Jackson v. Johnson,* 950 F.2d 263 at 265 (quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989)).
[20] See *Elzy v. Roberson*, 868 F.2d 793 (C.A. 5 (La.), 1989); *Dixon v. Louisiana Dept. of Corrections*, 294 Fed.Appx. 970 (C.A. 5 (La.), 2008); *Tilmon v. Prator*, 67 Fed.Appx. 253 (C.A. 5 (La.), 2003); *Raz v. Louisiana State University Medical Center Shreveport*, 48 Fed.Appx. 481 (C.A. 5 (La.), 2002); *Laprime v. Foti*, 99 F.3d 1136 (C.A. 5 (La.), 1996); *Ogletree v. Foti*, 1 F.3d 1237 (C.A. 5 (La.), 1993) and *Davis v. Louisiana State University*, 876 F.2d 412 (C.A. 5 (La.), 1989).
[21] *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Longoria v. City of Bay City*, Texas, 779 F.2d 1136 (5th Cir.1986).

> became aware that the City of Baton Rouge had become a super-majority African American city.
>
> After the 2010 United States Census, it became specifically obvious that exact population and demographics had drastically changed in Louisiana whereby African American citizens became a supermajority of the City of Baton Rouge's population, voting age population and registered voters.[22]

This is the only specific, non-conclusory allegation made against the remaining Defendants regarding when the parties "knew or had reason to know of the injury which is the basis of the action." The Plaintiff and the Intervenor go as far as to state that "[a]fter the 2010 United States Census, it became **specifically obvious** that exact population and demographics had drastically changed in Louisiana whereby African American citizens became a supermajority of the City of Baton Rouge's population, voting age population and registered voters." As such, the Plaintiff and the Intervenor's claims under 42 USC § 1983, as alleged in their complaints, are prescribed and must be dismissed as any action which took place before October 18, 2011 is prescribed.

## IV.  CONCLUSION

WHEREFORE, the Defendants pray that the motion for summary judgment be granted, and the claims against the Governor and the Attorney General be dismissed.

RESPECTFULLY SUBMITTED,

**James D. "Buddy" Caldwell**
ATTORNEY GENERAL

/s/Angelique Duhon Freel

_____
William P. Bryan, III (La. Bar Roll No. 26826)
Madeline Carbonette (La. Bar Roll No. 3873)
Angelique Duhon Freel (La. Bar Roll No. 28561)
Jessica MP Thornhill (La. Bar Roll No. 34118)
Assistant Attorneys General

---

[22] Rec. Doc. 180, page 3 of 5, paragraph 8 & 9 and Rec. Doc. 181, page 3 of 6, paragraph 8 & 9.

Louisiana Department of Justice
Civil Division
P. O. BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6031
Facsimile: (225) 326-6099
Emails:    bryanb@ag.state.la.us
           carbonettem@ag.state.la.us
           freela@ag.state.la.us
           thornhillj@ag.state.la.us

## CERTIFICATE OF SERVICE AND ELECTRONIC FILING

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Court using the CM/ECF system which provides notice of filing to all counsel of record this 2nd day of June, 2014.

/s/Angelique Duhon Freel
_____

**Angelique Duhon Freel**