UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH HALL AND BYRON SHARPER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-657-BAJ-RLB** |
| **STATE OF LOUISIANA, et al.** | |

## ORDER

Before the Court is Plaintiff Kenneth Hall's and Intervenor Byron Sharper's (Plaintiffs) Motion to Compel, for Costs and for Expedited Consideration (R. Doc. 249), filed on April 20, 2014 against Defendants, State of Louisiana, Governor Bobby Jindal and Attorney General James Caldwell (Defendants), and Plaintiffs' Motion to Expedite (R. Doc. 250) the Court's resolution of their Motion to Compel (R. Doc. 249).

### A. Governor Jindal and Attorney General Caldwell

At the outset, Plaintiffs move the Court for an order compelling the State of Louisiana, Governor Jindal and Attorney General Caldwell to respond to their Requests for Admission. However, Plaintiffs specifically propounded their respective Requests for Admission only on the State of Louisiana. (R. Docs. 281-1 and 281-2). As such, Plaintiffs' Motion to Compel is **DENIED** as it relates to Governor Jindal and Attorney General Caldwell.

### B. State of Louisiana

In the Motion to Compel, the only claim made by the Plaintiffs is that the State "raised a number of erroneous objections." (R. Doc. 249 at 1). The memorandum in support provides a legal overview of various Federal Rules of Civil Procedure and caselaw dealing with discovery,

and then argues that the State Defendants "raised numerous general objections" and that "general objections are insufficient as a matter of law." (R. Doc. 249-1 at 3). No specific responses are identified and the Motion does not address why any particular objection is insufficient. The remedy requested is that the State Defendants be ordered to provide responsive answers to the Requests for Admission. (R. Doc. 249-1 at 4).

The court will first determine whether the movant has in good faith conferred or attempted to confer in an effort to obtain the discovery at issue without court intervention. In the Motion to Compel, plaintiffs' counsel represents that "[c]ounsel for the State Defendants indicated no revisions would be made to the discovery for either Plaintiff Hall or Plaintiff-Intervenor Sharper." (R. Doc. 249 at 1). He concludes by stating that counsel had conferred in a "good-faith effort to resolve the discovery matters that are subject to this Motion." (R. Doc. 249 at 2).

According to the correspondence submitted to the court, the parties participated in a telephone conference on Wednesday, April 16, 2014 and discussed the responses to the Requests for Admission. (R. Doc. 281-8). Counsel for the State of Louisiana, in a follow-up email sent that same afternoon, confirmed an agreement that plaintiffs' counsel would identify "which of our responses to your discovery you felt were not adequate responses" and "we can determine if we can amend or supplement the responses to your discovery." (R. Doc. 281-8). On April 17, 2014, in another email, counsel for the State of Louisiana provided the following: "I am confused as to which responses for which Plaintiff you felt were inadequate. Based on our conversion, I thought you were going to e-mail me this information. Once I know what you feel was inadequate, I will be able to determine if I can amend or revise the responses. Please get

back to me on this. Please be assured, I am trying to work with you on resolving any issues with discovery." (R. Doc. 281-9).

The following day, April 18, 2014, was a holiday. The Motion to Compel was filed on Easter Sunday, April 20, 2014. On the next business day, April 21, 2014, the State amended and supplemented their responses to Plaintiffs' Requests for Admission prior to the fact discovery deadline. (R. Doc. 281-12).[1]

There is simply nothing in the record to support plaintiff's representation that the State Defendants indicated no revisions would be made to the discovery responses at issue. Indeed, the correspondence immediately following their conversation, as well as the supplemental responses provided two business days later, demonstrates that the State Defendants made no such representation.

In response to these efforts by the State Defendants to resolve this matter, plaintiffs' counsel reiterated the same argument contained in the Motion to Compel – all responses are inadequate and that objections that are not specific and detailed are insufficient. (R. Doc. 281-10).

The responses submitted by the State of Louisiana to the plaintiffs' Requests for Admission do begin with an opening section of "General Objections." Each individual response, however, also includes objections that are specific to that particular request. The State Defendants, in their opposition, identify the specific basis for their objections to the individual requests (R. Doc. 281).

A general review of the requests confirms that certain specific objections were appropriately made. Many call for pure conclusions of law or for divining the intent or purpose of certain legislation. (R. Doc. 249-2, Request Nos. 1, 2, 3, 5, 12, 13, 14, 15, 18); (R. Doc. 249-3,

---
[1] The court has not been provided with a copy of these actual amended responses.

3

Request Nos. 5, 9, 13, 35, 93, 105). Others seek admissions regarding the intent of certain voters, such as a declaration that African Americans have voted in a "politically cohesive" manner in various elections or that "racially polarized" voting occurred.[2] (R. Doc. 249-2, Request No. 10); (R. Doc. 249-3, Requests Nos. 36, 42, 43, 44). Defendant State of Louisiana objected to most of these due to a lack of information to either admit or deny. Still other responses do not simply rely on objections, but specifically deny the request. (R. Doc. 249-2, Request Nos. 4, 8); (R. Doc. 249-3, Requests Nos. 37, 73). Other Requests for Admission appear to go beyond the scope of relevant discovery and were objected to as such. (R. Doc. 249-2, Request Nos. 13, 14, 16, 18). Plaintiffs' Motion to Compel does not address these or any other specific objections.

The Court need not determine whether any of these specific responses are improper or unfounded. Plaintiffs' sole argument is that the State Defendants have only provided general objections. This is not the case. While certain identical objections are raised to multiple requests, Plaintiffs make no argument regarding those objections in the context of any specific request. Without some showing as to why these specific responses are improper or that more complete information is available and not provided, there is nothing for the court to compel.

Finally, the relief requested is an order that the State Defendants provide updated responsive answers to the Requests for Admission. The State Defendants argue that even if the Motion to Compel was warranted, the supplementation of their responses "moots out the

---

[2] "Politically cohesive" and "racially polarized" are not defined. To the extent that plaintiff is seeking an admission regarding votes for a particular political party, the relevance of this request is not clear. If the request is for an admission that all African American voters (or any other race or ethnicity) voted the same way in every identified election, plaintiffs have not provided any basis for challenging the State Defendants' response that they lack such information.

4

underlying motion." (R. Doc. 281 at 5).[3]  As stated above, the court does not have a copy of these amended responses.  Plaintiff, however, has not challenged that assertion or indicated that there are any remaining insufficiencies in light of the supplemented responses.

    **C.**    **Conclusion**

The Court finds that there was not a good faith effort to resolve this dispute prior to filing the Motion to Compel.  The representation that the State Defendants indicated that no revisions would be made to their responses is unsupported by the record.  Plaintiffs' argument that the responses only consist of general objections is likewise belied by the court's review of those responses.  Because plaintiffs do not challenge any specific response or argue that any particular objection is improper, the court will not do so sua sponte.  Finally, the remedy requested by the plaintiffs, that the responses be supplemented, has already occurred.[4]  For these reasons, **IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 249) is **DENIED** and Plaintiffs' Motion to Expedite (R. Doc. 250) is likewise **DENIED AS MOOT**.  The Court has also considered whether the payment of expenses is appropriate under Rule 37(a)(5) and has determined that each party will bear its own costs in bringing and defending the motions.

Signed in Baton Rouge, Louisiana, on June 6, 2014.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[3] The fact that certain responses were supplemented does support a conclusion that some of the responses could be insufficient.  As discussed above, however, this further demonstrates the need for a good faith effort to resolve these disputes before seeking court intervention.

[4] Providing requested discovery after a motion to compel is filed, even if it would moot the motion, would not prohibit an order of expenses to the moving party.