UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL AND
BYRON SHARPER

CIVIL ACTION

VERSUS

NO. 12-657-BAJ-RLB

STATE OF LOUISIANA, et al.

## ORDER

Before the Court is Plaintiffs' Motion to Compel, for Costs and for Expedited Consideration (R. Doc. 245), filed against Defendants, City of Baton Rouge and East Baton Rouge Parish and Plaintiff's Motion to Expedite (R. Doc. 246) the Court's resolution of his Motion to Compel (R. Doc. 245).

In his Motion, Plaintiff claims that Defendants failed to provide specific objections to each of his Interrogatories and Requests for Production of Documents. (R. Doc. 245-1 at 3). Rule 33(b)(4) of the Federal Rules of Civil Procedure requires that "grounds for an objection to an interrogatory shall be stated with specificity." Additionally, Rule 34(b) requires responses objecting to the production of documents to include "the reasons for the objection shall be stated." The same is true for requests for admission under Rule 36(a)(4). This prohibition against general objections to discovery requests has been long established. *See, e.g., Wurlitzer Co. v. E.E.O.C.*, 50 F.R.D. 421, 424 (N.D. Miss. 1970) ("It was well-settled under the federal rules . . . that in conventional lawsuits . . . objections to interrogatories had to be specific, and general objections that the information sought was irrelevant, immaterial, oppressive, conclusory

or already in possession of the requesting party were insufficient."); *High Tech Communications, Inc. v. Panasonic Co*., No. 94-1477, 1995 WL 133344, at *2 (E.D. La. Mar. 24, 1995).

A review of Defendants' discovery responses indicates that Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.

With respect to the Interrogatories, Defendants provided such specific objections for what it submits were the first twenty five separate and distinct questions. For the remaining Interrogatories the Defendants objected (and now argue in opposition) that they exceeded the permissible number. (R. Doc. 285 at 5, 7). The Court finds that Defendants have already adequately responded to Plaintiff's discovery requests. Plaintiff does not identify or argue why any particular response is insufficient. Plaintiff does not address Defendants' contention that he has exceeded the permissible number of Interrogatories. In fact, Plaintiff does not even mention a specific response made by Defendants. Instead, Plaintiff merely contends that Defendants "must state a specific objection to each item Plaintiff Hall requested." (R. Doc. 245-1 at 3). Because the Court finds Defendants have stated a "specific objection to each item Plaintiff Hall requested" and otherwise responded adequately, the Court finds Plaintiff's Motion is without merit. Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** as it relates to Defendants' Responses to Plaintiff's Interrogatories and Requests for Production and Plaintiff's request for costs under Rule 37.

Plaintiff additionally argues that Defendants failed to respond to his Requests for Admission served on March 24, 2014. However, Defendants provide emails indicating the Requests for Admission were actually served on April 7, 2014 to support their suggestion that Plaintiff's Requests were untimely. (R. Doc. 285-3 at 1). Regardless of whether they were served on March 24 or April 7, the Court agrees that Plaintiff's Requests for Admission were untimely served.

The Court's Scheduling Order established April 21, 2014 as the deadline for "**completing** all discovery." (R. Doc. 202) (emphasis in original). This was not the deadline for initiating fact discovery. *See Borniski v. Texas Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on the eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery"). Rule 36(a)(3) of the Federal Rules of Civil Procedure allows a party 30 days from service to respond to requests for admission. And so, "requests must be served at least thirty days prior to the completion of discovery" to be considered timely. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (finding that "in order to meet the discovery deadline, Plaintiff should have filed his interrogatories at least 30 days before the discovery cutoff")); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (Noland, Mag. J.) (document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008)").

Here, Plaintiff's Requests for Admission were untimely served less than 30 days before the April 21, 2014. Additionally, Plaintiff has not requested that the deadline for completing discovery be extended so as to make his requests timely.[1]  Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** as it relates to Defendants' Responses to Plaintiff's Requests for Admission and Plaintiff's request for costs under Rule 37.

Finally, Plaintiff asks that the Court expedite its resolution of Plaintiff's Motion to Compel. Because Plaintiff's Motion to Compel (R. Doc. 245) is denied,

**IT IS ORDERED** that Plaintiff's Motion to Expedite (R. Doc. 246) is likewise **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on June 6, 2014.

          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

---

[1] There is a single statement at the end of the motion that "in the alternative to extend the discovery deadlines." Plaintiff makes no argument regarding this request and his memorandum in support does not mention this relief. Plaintiff never addresses the timeliness of his discovery in any context and has made no showing of good cause under Rule 16 of the Federal Rules of Civil Procedure that the existing deadlines could not be met despite the exercise of due diligence.