UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL AND            CIVIL ACTION
BYRON SHARPER

VERSUS            NO. 12-657-BAJ-RLB

STATE OF LOUISIANA, et al.

## ORDER

Before the Court is Plaintiff's Motion to Compel, for Costs and for Expedited Consideration (R. Doc. 247), filed against Defendant, Secretary of State and Plaintiff's Motion to Expedite (R. Doc. 248) the Court's resolution of his Motion to Compel (R. Doc. 247).

In his Motion, Plaintiff claims that Defendants failed to provide specific objections to each of his Interrogatories, Requests for Production of Documents and Requests for Admission (R. Doc. 247 at 1). Rule 33(b)(4) of the Federal Rules of Civil Procedure requires that "grounds for an objection to an interrogatory shall be stated with specificity." Additionally, Rule 34(b) requires responses objecting to the production of documents to include "the reasons for the objection shall be stated." The same is true for requests for admission under Rule 36(a)(4). This prohibition against general objections to discovery requests has been long established. *See, e.g., Wurlitzer Co. v. E.E.O.C.*, 50 F.R.D. 421, 424 (N.D. Miss. 1970) ("It was well-settled under the federal rules . . . that in conventional lawsuits . . . objections to interrogatories had to be specific, and general objections that the information sought was irrelevant, immaterial, oppressive, conclusory or already in possession of the requesting party were insufficient."); *High Tech*

*Communications, Inc. v. Panasonic Co.*, No. 94-1477, 1995 WL 133344, at *2 (E.D. La. Mar. 24, 1995).

A review of Defendant's discovery responses indicates that Defendant addressed each and every Interrogatory and Request for Production individually, making specific objections before providing detailed and informative responses, notwithstanding those objections. The Court finds Defendant has already adequately responded to Plaintiff's discovery requests. Plaintiff also does not contend that any particular response is insufficient. In fact, Plaintiff does not even mention a specific response made by Defendant. Instead, Plaintiff merely contends that Defendant "must state a specific objection to each item Plaintiff Hall requested." (R. Doc. 247-1 at 3). Likewise, counsel for Defendant explains "she was met with no answer" after asking Plaintiff's counsel "for an explanation as to what more he wished for Secretary could [sic] provide" during their Rule 37 conference. (R. Doc. 282 at 14) (Plaintiff's counsel "did not state what he found to be lacking and did not state how he believed the requests should have been answered.").

Because the Court finds Defendant has stated a "specific objection to each item Plaintiff Hall requested," and otherwise responded adequately, Plaintiff's Motion is without merit. Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** as it relates to Defendant's Responses to Plaintiff's Interrogatories and Requests for Production and Plaintiff's request for costs under Rule 37.

Plaintiff additionally argues that Defendant failed to give specific objections to his Requests for Admission. However, other than initially referencing his Requests for Admission along with his other discovery requests, Plaintiff does not mention or provide any argument

concerning the alleged Requests for Admission propounded on Defendant. Plaintiff has also not attached any Requests for Admission to his Motion to Compel. Likewise, Defendant represents that Plaintiff's counsel "stated in an email that he objected to the entirety of the Secretary of State's responses to his Request for Admission. But no conference was ever held regarding these requests . . . ." (R. Doc. 282 at 13). Defendant additionally suggests the Requests exceeded the limit established by the Local Rule 36.2.

Without Plaintiff's Requests for Admission or Defendant's Responses, the Court is unable to conduct any meaningful consideration of Plaintiff's Motion to Compel, as it relates to any Requests for Admission. Moreover, Plaintiff does not adequately address the Requests in his Motion to Compel. As such, they are not properly before the Court in Plaintiff's Motion to Compel (R. Doc. 247) and any future attempt to compel responses would be untimely. Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** as it relates to Defendant's Responses to Plaintiff's Requests for Admission.

Finally, Plaintiff asks that the Court expedite its resolution of Plaintiff's Motion to Compel. Because Plaintiff's Motion to Compel (R. Doc. 247) is denied,

**IT IS ORDERED** that Plaintiff's Motion to Expedite (R. Doc. 248) is likewise **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on June 6, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**