UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH HALL AND<br>BYRON SHARPER | CIVIL ACTION |
| VERSUS | NO. 12-657-BAJ-RLB |
| STATE OF LOUISIANA, et al. | |

### ORDER

Before the Court is Plaintiff-Intervenor Byron Sharper's Motion to Compel, for Costs and for Expedited Consideration (R. Doc. 270) and Motion to Expedite (R. Doc. 271), filed against Defendants, City of Baton Rouge and East Baton Rouge Parish. Defendants filed an Opposition (R. Doc. 286) in response to Plaintiff-Intervenor's Motion to Compel.

In his Motion, Plaintiff-Intervenor claims that Defendants failed to provide specific objections to each of his Interrogatories, Requests for Production of Documents and Requests for Admission. (R. Doc. 270-1 at 3). Plaintiff-Intervenor additionally contends that Defendants "[i]n fact . . . did not answer one requests [sic] for admissions [sic]." (R. Doc. 270-1 at 3).

**A.    Timeliness of Discovery Requests**

The Court's Scheduling Order established April 21, 2014 as the deadline for "**completing** all discovery." (R. Doc. 202) (emphasis in original). This was not the deadline for initiating fact discovery. *See Borniski v. Texas Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery"). The Federal Rules of

Civil Procedure allow a party 30 days from service to respond to interrogatories, requests for production and requests for admission. Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production); Fed. R. Civ. P. 36(a)(3) (requests for admission). And so, "requests must be served at least thirty days prior to the completion of discovery" to be considered timely. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (finding that "in order to meet the discovery deadline, Plaintiff should have filed his interrogatories at least 30 days before the discovery cutoff")); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (Noland, Mag. J.) (document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008)").

Defendants have submitted emails indicating they were served with Plaintiff-Intervenor's Requests for Admission, Requests for Production and Interrogatories on April 7, 2014 — just 14 days before the deadline for *completing* discovery. (R. Doc. 286-1). Allowing Plaintiff-Intervenor's discovery as timely would effectively condone a party's ability to, at its whim, modify the discovery timeframes to its opponent's detriment by propounding discovery at the eleventh hour. The authority and discretion to "limit the frequency or extent of discovery otherwise allowed" by the Federal Rules of Civil Procedure belongs to the Court, not Plaintiff-Intervenor. Fed. R. Civ. P. 26(b)(2)(C). And so, Plaintiff-Intervenor's Motion to Compel must be denied as his discovery requests were untimely.

### B. Adequacy of Responses

Alternatively, even if Plaintiff-Intervenor's discovery requests were served timely, the Court would reach the same conclusion as Defendants have adequately responded to discovery.

Rule 33(b)(4) of the Federal Rules of Civil Procedure requires "grounds for an objection to an interrogatory [to] be stated with specificity." As for requests to produce documents, Rule 34(b) advises that "the reasons for the objection shall be stated" in the response. Likewise, Rule 36(a)(5) instructs that "the grounds for objecting to a request [to admit] must be stated." This prohibition against general objections to discovery requests has been long established. *See, e.g., McLoed, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990) (The use of "Rambo tactics" — i.e., simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" — is inadequate to "voice a successful objection."); *Wurlitzer Co. v. E.E.O.C.*, 50 F.R.D. 421, 424 (N.D. Miss. 1970) ("It was well-settled under the federal rules . . . that in conventional lawsuits . . . objections to interrogatories had to be specific, and general objections that the information sought was irrelevant, immaterial, oppressive, conclusory or already in possession of the requesting party were insufficient.").

A review of Defendants' discovery responses indicates that they initially gave general objections applicable to all of Plaintiff-Intervenor's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before otherwise providing detailed and informative responses.[1] Contrary to Plaintiff-Intervenor's contention, all of the responses attached to his Motion to Compel, including Defendants' responses to his Requests for Admission (R. Doc. 270-

---

[1] Defendants state that "the only discovery responses which were attached to Sharper's Memorandum in Support of the Motion to Compel are the Responses and Objections to Requests for Admissions." (R. Doc. 286 at 1-2). Contrary to that assertion, the responses to the Interrogatories and the Requests for Production are included as attachments to the Plaintiff-Intervenor's filing. (R. Doc. 270-3).

2), indicate that each discovery request was answered. The Court finds that Defendants have already adequately responded to Plaintiff-Intervenor's discovery requests.

Plaintiff-Intervenor also does not contend that any particular response is insufficient. Plaintiff-Intervenor does not address Defendants' contention that he has exceeded the permissible number of Interrogatories. In fact, he does not even mention a specific response made by Defendants. Instead, Plaintiff-Intervenor merely contends that Defendants "must state a specific objection to each item Plaintiff-Intervenor Sharper requested." (R. Doc. 270-1 at 3). Because Defendants have stated a "specific objection to each item Plaintiff-Intervenor Sharper requested," and otherwise responded adequately, the Court finds his Motion is without merit. Therefore,

**IT IS ORDERED** that Plaintiff-Intervenor's Motion to Compel is **DENIED** as it relates to Defendants' Responses to his Interrogatories, Requests for Production (R. Doc. 270-3) and Requests for Admission (R. Doc. 270-2) and Plaintiff-Intervenor Sharper's request for costs under Rule 37.

Plaintiff-Intervenor additionally asks that the Court expedite its resolution of his Motion to Compel. (R. Doc. 271). Because Plaintiff-Intervenor's Motion to Compel (R. Doc. 270) is denied,

**IT IS ORDERED** that Plaintiff-Intervenor's Motion to Expedite (R. Doc. 271) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on June 6, 2014.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**