UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH HALL AND<br>BYRON SHARPER | CIVIL ACTION |
| VERSUS | NO. 12-657-BAJ-RLB |
| STATE OF LOUISIANA, et al. | |

## RULING AND ORDER

Before the Court is Plaintiff Kenneth Hall's and Intervenor Byron Sharper's (Plaintiffs) Motion to Strike Expert and Expert Report (R. Doc. 283), filed on May 14, 2014. The Motion is opposed. (R. Docs. 284, 292, and 295). In the Motion, Plaintiffs argue that Defendants disclosed an expert witness, Ms. Angele Carriere Romig, on April 28, 2014, which was after the deadline to do so. The report for this expert was provided that same day. Plaintiffs argue that the applicable deadline for the Defendants to disclose Ms. Romig was April 14, 2014.

In response, Defendants State of Louisiana, the Governor, and the Attorney General argue that the applicable deadline to identify this expert was May 5, 2014 and the deadline to provide the related expert reports was May 12, 2014. Therefore, by providing both her identity and report on April 28, 2014, all such disclosures were timely. (R. Doc. 284). Defendant Schedler opposes the Motion to Strike on the ground that he did not list Ms. Romig as an expert witness and does not intend to call her as one. He submits that a report prepared by Ms. Romig was part of the facts or data considered by his other disclosed experts and thus was part of his required disclosures. He also adopts the position of the State of Louisiana that any disclosure of Ms. Romig as a demographer would have been timely under the applicable court imposed

deadlines. (R. Doc. 292). The City of Baton Rouge, Parish of East Baton Rouge, and Mayor Holden make a similar argument. (R. Doc. 295).

**Setting and Extending Expert Discovery Deadlines**

The relevant expert discovery deadlines were first set in a scheduling order dated February 19, 2014. (R. Doc. 202). That order provided, among other things, that Plaintiffs were to disclose the identities and resumes of their experts on March 31, 2014. Defendants were to make their same disclosures on April 14, 2014. Expert reports were to be provided by Plaintiffs on April 14, 2014 and provided by Defendants on April 28, 2014.

Issues regarding Plaintiffs' compliance with their deadlines were first raised in Motion to Extend or Otherwise Modify Deadlines (R. Doc. 229) filed by the Defendants. Defendants complained that they were first notified of Plaintiffs' experts on April 7, 2014, one week after the applicable deadline. An email from Plaintiffs' counsel to various counsel for the Defendants reflects the disclosure of three experts on April 7, 2014 – Dr. Richard Engstrom, Dr. Rapheal Cassimere, and Ms. Nancy Jensen. Plaintiffs' counsel further represents in that email that the CVs for Dr. Engstrom and Ms. Jensen were previously provided. Particularly relevant for the instant motion is that Dr. Cassimere is identified as a "historian" and Ms. Jensen is identified as a "demographer."

Defendants complain that all of these disclosures were untimely but also acknowledge that through formal discovery, some (but not all) Defendants were aware of the identity of certain experts and/or had received some resumes. (R. Doc. 229-1 at 2). Based on these late disclosures, Defendants asked for additional time to determine whether there is a need to retain additional experts, or, in the alternative, that experts untimely identified by Plaintiffs be stricken.

In opposition to that motion, Plaintiffs represented that they timely responded to any discovery requests regarding experts by "releasing every expert he had contacted at that time of disclosure." (R. Doc. 234 at 2). Plaintiffs did not distinguish or acknowledge whether all Defendants received responses to all discovery requests, including those made by other parties. Plaintiffs also did not address their obligation to make these expert disclosures under the Federal Rules of Civil Procedure and the court's scheduling order, regardless of whether specifically requested in formal discovery. Plaintiffs acknowledge that Dr. Cassimere was not provided timely under any circumstance.

On April 14, 2014, the court held a hearing on the motion to extend deadlines as well as several other discovery related motions. At that hearing, the court and the parties addressed the expert notifications made by the Plaintiffs. There was not a dispute that disclosures regarding Dr. Engstrom had been previously made. (R. Doc. 280 ("Tr.") at 67) ("Now as it relates to Dr. Engstrom, the plaintiff is completely accurate in that that has been disclosed. . . We know that he's an expert and the plaintiff has provided us with a report."). There was also not a dispute that some, if not all, defendants were informed of Dr. Cassimere, the historian, for the first time in the email dated April 7, 2014, as acknowledge by the plaintiffs in their opposition to the motion to extend. (Tr. at 67) ("Until the 7th, we had never heard of this individual."). Finally, there was an issue regarding Plaintiffs' disclosure of Ms. Jensen as an expert demographer. Plaintiffs had previously identified a different expert demographer – Mr. Floyd. At the hearing, counsel for the Plaintiffs informed the parties and the court that Mr. Floyd would not be a witness.

It was further represented that Ms. Jenson was only identified prior to the April 7, 2014 email if specifically requested in formal discovery. (Tr. at 67) ("Now I believe a few of the

3

defendants did propound discovery on the plaintiff and in that discovery he responded that Jensen would be an expert demographer, but that information was not disclosed to parties that did not propound discovery."); (Tr. at 70) ("On behalf of the City of Baton Rouge and the other City-Parish defendants, we did not know about the existence of Ms. Jensen until we got the email on the 7th.").

Based on the information before the court as of the hearing on April 14, 2014, the email on April 7, 2014 was the first time that Dr. Cassimere, the historian, and Ms. Jensen, the demographer, were identified as experts to all of the defendants. The resume of Ms. Jensen was not provided to all parties until after the hearing on April 14, 2014. These disclosures were untimely.

Although these disclosures were not made in compliance with the court's deadlines, the court did not strike them as witnesses. Rather, as the court informed the parties on the record and is reflected in the minute entry, the deadlines for disclosing the identities, resumes, and reports of experts relating to the late disclosures of the Plaintiffs were extended. (Tr. at 89) ("So are we clear? Demographer and historian can be subject to this later date, or later set of dates"); (R. Doc. 241) (establishing expert disclosure dates of May 5, 2014 for expert identities and resumes and May 12, 2014 for reports, for experts relating to "Plaintiffs' untimely disclosure of its expert historian and expert demographer.").

The question is now whether the disclosures of which Plaintiff now complains were untimely.[1] The State Defendants identify Ms. Romig as a demographer. (R. Doc. 284 at 2). The parties acknowledge that her identity and report was provided to Plaintiffs on April 28, 2014. This is one week and two weeks prior to the applicable deadlines to do so. These disclosures are

---

[1] Plaintiffs argument is limited to timeliness. This decision does not address any other aspect of the expert notifications, qualifications or reports.

4

therefore timely under the existing deadlines.  The City Parish Defendants and the Secretary of State have represented that Ms. Romig is not an expert witness for them and will not be called as such.  Her report was used by other experts in formulating their opinions.  The court finds no basis for striking their consideration of such report based on any timeliness argument advanced by Plaintiffs.

For these reasons, **IT IS ORDERED** that Plaintiffs' Motion to Strike Expert and Expert Report (R. Doc. 283) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 6, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**