UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL                                                                      CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                        NO.: 12-00657-BAJ-RLB

## RULING AND ORDER

Before the Court are the following motions filed by Plaintiff Kenneth Hall and Intervenor-Plaintiff Byron Sharper (together, "Plaintiffs"), requesting the Court take judicial notice of various facts:

- **Plaintiff and Intervenor's Request for Judicial Notice as to Judicial and Legislative Findings of Ongoing Racial Discrimination in Voting in Louisiana (Doc. 287)**;

- **Plaintiff and Intervenor's Request for Judicial Notice as to United States Census Bureau Data, Scholarly Publications, News Publications, Louisiana Attorney General Opinions and the Louisiana Constitution of 1974 (Doc. 337)**; and

- **Plaintiff and Intervenor's Request for Judicial Notice (Doc. 341)**.

Defendants James D. "Buddy" Caldwell, Piyush "Bobby" Jindal, and the State of Louisiana have filed opposition to Plaintiffs' requests for judicial notice. (*See* Docs. 312, 439). Plaintiffs filed a reply to one of Defendants' opposition memoranda. (*See* Doc. 430).

1

## I. The Court's Ability to Take Judicial Notice

Federal Rule of Evidence ("Rule") 201 provides that a court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The U.S. Court of Appeals for the Fifth Circuit has held:

> Judicial notice may be taken of facts known at once with certainty by all the reasonably intelligent people in the community without the need of resorting to any evidential data at all. . . . Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed.

*Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962) (McCormick on Evidence, Judicial Notice, § 323 at p. 688 and footnote citing Uniform Rules of Evidence, Rule 9). "[E]ven though a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings, a court cannot take judicial notice of the factual findings of another court." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (internal quotation marks and alterations omitted). Under Rule 201, a court may *not* take notice of legal determinations. *See id.* at 831.

## II. Judicial Notice in the Instant Case

Among their three motions, Plaintiffs request that the Court take judicial notice of facts falling into various categories. The Court proceeds to analyze each of these categories in turn.

2

## A. Judicial and Legislative Findings of Ongoing Racial Discrimination in Voting in Louisiana

Plaintiffs request that the Court judicially notice the factual findings and holdings of various civil rights litigation cases. (*See* Doc. 287 at pp. 5–9). As a general rule, a court may not simply adopt the factual findings of another court because such findings "do not constitute facts 'not subject to reasonable dispute' within the meaning of rule 201" and, further, "were it permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (alteration omitted).

Plaintiffs submit that the instant case presents a special circumstance under which the Court is entitled to depart from that general rule. Specifically, Plaintiffs assert that judicial notice of these cases would relieve the Court of "a needless burden and inefficient use of the Court's time to re-establish the related history of discrimination in each [Voting Rights Act] Section 2 case." (Doc. 287 at p. 4).

With respect to the following cases, which are contained in the first two items listed in this section of Plaintiffs' brief, (*see* Doc. 287 at pp. 5–6), the Court shall take judicial notice of the fact of such litigation and related filings, as well as their factual findings of a history of voting rights discrimination based on race in the state of Louisiana prior to 1993:

- *Clark v. Roemer*, 750 F. Supp. 200 (M.D. La. 1990), *cert. granted before judgment, order vacated*, 501 U.S. 1246 (1991) and cases within its lineage of procedural history, *see Clark v. Roemer*, 777 F. Supp. 445 (M.D. La. 1990) and *Clark v. Edwards*, 725 F. Supp. 285 (M.D. La. 1988); and

3

- *Chisom v. Roemer*, 501 U.S. 380 (1991) and cases within its lineage of procedural history, *see Chisom v. Edwards*, 659 F. Supp. 183 (E.D. La. 1987), *rev'd*, 839 F.2d 1056 (5th Cir. 1988) and *Chisom v. Roemer*, No. CIV. A. 86-4057, 1989 WL 106485, at *1 (E.D. La. Sept. 19, 1989).

Here, during trial, defense counsel stated on the record that Defendants City of Baton Rouge, Parish of East Baton Rouge, and Mayor Melvin Kip Holden did not object to the factual findings of those cases, provided that (1) "they are placed in the context in which they were decided," and (2) judicial notice of the findings of these cases would not be conflated with any findings regarding the Baton Rouge City Court. (Tr. I at 23:22–26:9). No other Defendants objected at trial to the Court taking judicial notice of those specific findings of *Clark* and *Chisom* with the caveats proposed by the City, Parish, and Mayor defendants. Here, for a very limited purpose, the Court may take judicial notice of *Clark*'s and *Chisom*'s factual findings of a history of racial discrimination against African-Americans in Louisiana, particularly where Defendants have not objected. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 986 F.2d 728, 778 (5th Cir.), *on reh'g*, 999 F.2d 831 (5th Cir. 1993).

As to the other twelve case opinions listed by Plaintiffs in their Motion (Doc. 337)—cases that were not mentioned in any testimony or argument at trial—the Court is unconvinced that judicial notice is appropriate. The relevance of such cases is questionable, the scope of proposed judicial notice is vague, and the authority for this Court to adopt wholesale the factual findings of such cases is tenuous.[1] Insofar

---

[1] Plaintiffs' briefing on this issue is conspicuously lacking their citations of controlling authority from the U.S. Supreme Court or the Fifth Circuit. They instead rely heavily on cases adjudicated by the U.S. Court of Appeals for the D.C. Circuit and the U.S. District Court for the District of Columbia,

as any of the decisions in the listed case opinions are binding on this Court, they will of course serve to guide this Court in its holding in the instant case. The findings of those cases, however, are not the proper subject of judicial notice.

Hence, Plaintiffs' motion for judicial notice of civil rights litigation is **GRANTED IN PART**, limited to the specific facts in the specific cases, *Clark* and *Chisom*, which the Court has explained *supra* in this section.

### B. U.S. Census Bureau Data

"United States census data is an appropriate and frequent subject of judicial notice." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571–72 (5th Cir. 2011). Here, where Defendants do not dispute the accuracy of the data taken for the City of Baton Rouge in the relevant time period from the U.S. Census Bureau, Plaintiffs' motion for judicial notice of census data, (*see* Doc. 337 at p. 5), is **GRANTED**.

### C. Election Results Data

Plaintiffs request that the Court take judicial notice of voting registration statistics and 2012 Baton Rouge City Court election returns. The election data is submitted by Plaintiffs in the form of a certified copy of voter registration statistics from the East Baton Rouge Parish Registrar of Voters, as well as printouts from the Louisiana Secretary of State's website. (*See* Docs. 287-15, 287-16). The Court finds that this data falls within the ambit of Rule 201. Consequently, Plaintiffs' motion for judicial notice of statistical elections data, (*see* Doc. 287 at p. 11), is **GRANTED**.

---

among other courts, whose decisions are not binding upon or persuasive to this Court. (*See, e.g.*, Doc. 287 at pp. 2–4).

### D. *Voting Rights Act Reauthorization*

The Court is entitled to take judicial notice of the legislative history of a bill. *See Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226–27 (1959). Accordingly, it will judicially notice the following facts from the U.S. Congressional Record regarding the 2006 reauthorization of the Voting Rights Act, Public Law 109-246, 120 Stat. 577:

- In 2006, Congress reauthorized the Voting Rights Act by a vote of 390–33 in the House and 98–0 in the Senate. Both then-sitting Louisiana Senators and six out of seven then-sitting Louisiana Representatives voted in favor of reauthorization.

- In a Report recommending the 2006 reauthorization of the VRA, the House Committee on the Judiciary set forth the following findings:[2]

    - In certain covered States, such as Mississippi, Louisiana, and South Carolina, African Americans have yet to be elected to any Statewide office. For example, in Louisiana, an African American has yet to be elected Governor and the likelihood that African American voters in the State would be able to elect African Americans to such Statewide positions in the near future was found to be minimal. H.R. Rep. 109-478, at 33 (2006), *reprinted in* 2006 U.S.C.C.A.N. 618, 636–37.

    - A consistently high degree of electoral polarization in Orleans Parish is proven through both statistical and anecdotal evidence. Particularly as enhanced by Louisiana's majority vote requirement, . . . racial bloc voting substantially impairs the ability of black voters in this parish to become fully involved in the democratic process. *Id.* at 35.

To the extent that Plaintiffs request judicial notice of the text of the reauthorized Act, which was signed into law, the Court deems such a request unnecessary. In sum, Plaintiffs' motion for judicial notice of legislative history of

---

[2] Letting the text of the Committee Report speak for itself, the Court declines to judicially notice Plaintiffs' characterization of the reauthorization process and evidence considered for reauthorization. (*See* Doc. 287 at p. 10).

6

2006 VRA reauthorization, (see Doc. 287 at pp. 9–11), is **GRANTED IN PART**, limited to the specific facts set forth *supra* in this section.

### E. *Scholarly Publications and News Publications*

Plaintiffs request that the Court take judicial notice of "facts and issues" from a list of dozens of sources including law review articles, newspaper articles, web pages, and reports. (*See* Doc. 337 at pp. 2–4, Doc. 341 at pp. 2–3). They assert that such information is the proper subject of judicial notice since it is freely available to the public via an Internet search.

On this point, the Court would go so far as to characterize Plaintiffs' argument as frivolous, given the blatantly baseless and inapplicable authority cited in support of their position.[3] There is no substantiation by law or by common sense for the Court to presume that Internet sources are indisputably accurate, merely because they are freely available. Plaintiffs' motion for judicial notice of scholarly publications and news publications, (*see* Doc. 337 at pp. 2–4, Doc. 341 at pp. 2–3), is **DENIED**.

### F. *Louisiana Constitution*

It is well-established that U.S. District Courts are obligated to take judicial notice of the constitution and public laws from each state of the Union. *See Mills v. Green*, 159 U.S. 651, 657 (1895); *United States v. Schmitt*, 748 F.2d 249, 256 (5th Cir. 1984). Plaintiffs have alleged no state claims in the instant matter but, as far

---

[3] Plaintiffs direct the Court to just two opinions, both of which are non-binding and unpersuasive: (1) a "memo order" from a case in the Southern District of New York, with no legal citation, and (2) *United States v. Bari*, 599 F.3d 176 (2d Cir. 2010), a Second Circuit case holding that a more relaxed form of Rule 201 could apply *in the limited context of supervised release revocation proceedings.*

as constitutional provisions are relevant to the issues before the Court, Plaintiffs' motion for judicial notice of the Louisiana Constitution, (*see* Doc. 337 at p. 5), is **GRANTED**.

### G. *Louisiana Attorney General Opinions*

Unlike the Louisiana Constitution or laws duly enacted by the Louisiana legislature, Opinions from the Louisiana Office of the Attorney General do not carry the force and effect of law. They are merely advisory and are limited to the facts presented by the government entities or officials requesting the opinion.[4] They are not "facts" of which the Court may take judicial notice. Thus, Plaintiffs' motion for judicial notice of the Louisiana Constitution, (*see* Doc. 337 at p. 5), is **DENIED**.

---

[4] *Opinions*, OFFICE OF THE ATT'Y GEN., STATE OF LA., http://www.ag.state.la.us/opinions.aspx (follow "What is an Opinion?" hyperlink) (last visited Mar. 23, 2015).

8

III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff and Intervenor's Request for Judicial Notice as to Judicial and Legislative Findings of Ongoing Racial Discrimination in Voting in Louisiana (Doc. 287) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein.

IT IS FURTHER ORDERED that Plaintiff and Intervenor's Request for Judicial Notice as to United States Census Bureau Data, Scholarly Publications, News Publications, Louisiana Attorney General Opinions and the Louisiana Constitution of 1974 (Doc. 337) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein.

IT IS FURTHER ORDERED that Plaintiff and Intervenor's Request for Judicial Notice (Doc. 341) is **DENIED**.

Baton Rouge, Louisiana, this 23rd day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA