UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH HALL** | CIVIL ACTION |
| **VERSUS** | |
| **STATE OF LOUISIANA, ET AL.** | NO.: 12-00657-BAJ-RLB |

## RULING AND ORDER

Before the Court is an unopposed **Motion to Certify Case as a Class Action (Doc. 206)** filed pursuant to Federal Rule of Civil Procedure ("Rule") 23 by Plaintiff Kenneth Hall on March 10, 2014, seeking the certification of a class of African-American voters residing in Election Sections 1 and 2 for the City Court of Baton Rouge, as defined in La. R.S. § 13:1952(4). Plaintiff had made a prior motion for class certification on December 12, 2012, (see Doc. 58), which the Court denied without prejudice to his right to re-file after the Court's issuance of rulings on then-pending dispositive motions, (see Doc. 172). Trial was held in this matter on August 4–6, 2014 and, due to a medical emergency that necessitated the recess and continuance of trial, on November 17–19, 2014.

### I. STANDARD OF REVIEW

According to Rule 23, the Court must determine whether to certify a class action "at an early practicable time" after the commencement of suit, but "an order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c). "The class determination generally involves

1

considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks and citation omitted). The Court is required to conduct a rigorous analysis, which may require it "to probe behind the pleadings before coming to rest on the certification question." *Dukes*, 131 S. Ct. at 2551 (*Falcon*, 457 U.S. at 160–61). "The plain text of Rule 23 requires the court to 'find,' not merely assume, the facts favoring class certification." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005).

## II. DISCUSSION

In the instant motion, Plaintiff Hall argues that his proposed class satisfies Rule 23(a)'s prerequisites of numerosity, commonality, typicality, and adequacy of representation. Further, Plaintiff contends that this is the type of class action appropriate for certification pursuant to Rule 23(b)(1) as well as Rule 23(b)(2).[1]

Although the instant motion is not opposed, it should not be granted as a matter of right. "To meet Rule 23 requirements, the court must find that class

---

[1] Wherein a class action may be maintained if Rule 23(a) prerequisites are satisfied and:

> prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests,

or:

> the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(1), 23(b)(2).

representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members." *Unger*, 401 F.3d at 321. Plaintiff Hall and Plaintiff-Intervenor Sharper (together, "Plaintiffs") proceeded to trial with the signatories to the instant motion as counsel, but without any argument that those attorneys were qualified to serve as class counselors under Rule 23(g). Moreover, in subsequent motions to enroll prior to the resuming of trial in November 2014, attorneys Robert Kengle, Jon M. Greenbaum, and Alan A. Martinson sought enrollment as *individual* counsel. (*See* Docs. 512, 516, 521). At no time during the course of litigation has any attorney for Plaintiffs asserted—in, for example, a pleading or an affidavit or argument at trial—that he or she met Rule 23 requirements to be appointed class counsel to represent Plaintiff Hall's proposed class. *See* Rule 23(g).

Moreover, Plaintiff Hall's conduct demonstrates the effective abandonment of his motion. At no point has Plaintiff's motion been re-urged—not prior to trial, not during trial, and not in their post-trial brief. Plaintiffs' Post-Trial Proposed Findings of Fact and Conclusions of Law, filed December 10, 2014, makes no mention of suit on behalf of a class, nor his motion for class certification. (*See* Doc. 546).

The U.S. Court of Appeals for the Fifth Circuit has held that, in certain instances, a class action may exist without a formal, explicit determination by a court when there is an apparency that the parties and the court believed the matter to be a class action through the duration of trial court proceedings. *See Bing v. Roadway Exp., Inc.*, 485 F.2d 441, 446–47 (5th Cir. 1973). This is not such an instance.

Already in this matter the Court has denied a motion by Plaintiff Hall for class certification. (*See* Doc. 172). Further, the conduct of all parties since the filing of this motion demonstrates the parties' understanding that this was not a class action. At a hearing with all parties on May 5, 2014, the Magistrate Judge specifically addressed the issue of class certification. Defendants' counsel expressed concern about a forthcoming certification compromising the ability of the parties to comply with discovery deadlines. (Doc. 280 at p. 86). The Magistrate Judge was clear in stating that, absent a ruling on class certification, the Court would proceed with then-existing discovery deadlines. (*See id.*). When counsel for Plaintiffs and Defendants referred to potential class members during trial, they consistently used the term "proposed class." (*See* Tr. I at 110:14–110:23). The record reflects that all parties were apprised that no class had been certified in this case and that none would be until the Court's ruling on the instant motion. There was no "implicit determination" of a class action in this case. *Cf. Bing*, 485 F.2d at 447.

## III. CONCLUSION

Concluding that Plaintiff Hall has not demonstrated the adequacy of representation requisite for class certification and finding the effective abandonment of Plaintiff's motion for class certification, the Court declines to amend its initial denial of class certification.[2]

Accordingly, Plaintiff Kenneth Hall's **Motion to Certify Case as a Class Action (Doc. 206)** is **DENIED**.

Baton Rouge, Louisiana, this 30th day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] The Court notes that, here, where Plaintiffs pray solely for declaratory and injunctive relief regarding the apportionment of election districts for the Baton Rouge City Court, class certification *vel non* does not affect the viability of remedies sought.