UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH HALL                                                          CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                     NO.: 12-00657-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Tom Schedler's **Motion for Judgment on Partial Findings Pursuant to Fed. R. Civ. P. 52(c) (Doc. 533)**. Defendant, who was sued in his official capacity as the Louisiana Secretary of State, seeks to dismiss, pursuant to Federal Rule of Civil Procedure ("Rule") 52(c), all remaining claims by Plaintiff Kenneth Hall and Plaintiff-Intervenor Byron Sharper (together, "Plaintiffs") against Schedler in the above-captioned matter, specifically: (1) deprivation of due process under the Fourteenth Amendment, (2) infringement of the fundamental right to vote under the Fourteenth Amendment, (3) liability under 42 U.S.C. § 1983, and (4) a violation of Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301 (previously codified at 42 U.S.C. § 1973). Plaintiffs seek to enjoin Schedler from further enforcing the challenged election scheme for the City Court of Baton Rouge. For reasons explained herein, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

Defendant Schedler previously filed a Motion for Summary Judgment in this matter. (*See* Doc. 290). On August 30, 2014 the Court issued a ruling on Defendant's motion in which, *inter alia*, it dismissed both Plaintiffs' claims of vote dilution under the Fourteenth and Fifteenth Amendments. (Doc. 474 at pp. 20–22). In this ruling, the Court also listed the following undisputed facts, among others, based on the parties' pleadings regarding undisputed facts submitted pursuant to Local Civil Rule 56:

- The Secretary of State does not have any authority to apportion or reapportion election districts for the Baton Rouge City Court.
- [Plaintiff] Hall does not contend that the Secretary of State can or should refuse to hold elections.
- There is no contention that the Secretary of State intentionally violated the Voting Rights Act in relation to the subject matter of this litigation.
- The Secretary of State's duties regarding elections are ministerial.
- The Secretary of State's duties regarding elections are non-discretionary.

(*Id.* at pp. 2–3). Further, the Court set forth in writing its findings from a hearing held on June 28, 2014, in which counsel for Plaintiffs conceded that Plaintiffs are unable to identify any authority imposing an affirmative duty on the Louisiana Secretary of State's Office to investigate the constitutionality of or report alleged unlawful state elections. Counsel for Plaintiffs further admitted that Plaintiffs are unable to cite to any authority granting the Secretary of State's Office the authority to determine the constitutionality of alleged unlawful state elections. (*Id.* at p. 15).

Trial was held in this matter on August 4–6, 2014 and, due to a medical emergency that necessitated the recess and continuance of trial, on November 17–

2

19, 2014. On November 17, 2014, Defendant Schedler filed the instant motion for judgment as a matter of law into the record. After Plaintiffs rested their case on November 17, counsel for Schedler orally argued the instant motion, on which the Court deferred ruling. (*See* Doc. 537). Prior to the conclusion of Defendants' case on November 19, counsel for Schedler orally re-urged the instant motion, on which the Court again deferred ruling. (*See* Doc. 539).

## II. LEGAL STANDARD

Rule 52(c) provides, "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party." Fed. R. Civ. P. 52(c). "Judgment on partial findings entered under Rule 52(c) is to be made after the district court has heard all of the 'evidence bearing on crucial issues of fact.'" *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 632 (5th Cir. 2001) (Fed. R. Civ. P. 52(c) advisory committee's notes). "A judgment on partial findings must be supported by findings of fact and conclusions of law." Fed. R. Civ. P. 52(c).

## III. DISCUSSION

### A. Constitutional Claims

Here Plaintiffs challenge the Baton Rouge City Court's election plan, alleging that the current apportionment of seats between the two election sections discriminates against African-Americans in violation of the U.S. Constitution. Pursuant to 42 U.S.C. § 1983, Plaintiffs assert claims that Schedler, in his official capacity, violated their Fourteenth Amendment guarantees of due process and their

fundamental right to vote. Plaintiffs allege that Defendant Schedler, in his role as Chief Executive Officer of the State of Louisiana, is responsible for "maintaining, executing, and enforcing" the Baton Rouge City Court's election scheme. (Doc. 1 at ¶ 68).

### *1. Due Process*

The Due Process Clause of the Fourteenth Amendment declares that "no State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. In the context of elections, the Due Process Clause "prohibits action by state officials which seriously undermine the fundamental fairness of the electoral process." *Duncan v. Poythress*, 657 F.2d 691, 700 (5th Cir. 1981). The U.S. Court of Appeals for the Fifth Circuit has cautioned that such claims of constitutional deprivation must be distinguished from "garden variety" election disputes. *Welch v. McKenzie*, 765 F.2d 1311, 1317 (5th Cir. 1985).

Here, where Plaintiffs' claims are based on the apportionment of City Court seats between election districts, Plaintiffs have no cognizable due process claim absent a showing of intentional discrimination. *See Leyva v. Bexar Cnty. Republican Party*, No. CIV.A. SA-02-CA-408, 2002 WL 34729181, at *8 (W.D. Tex. Dec. 5, 2002) (dismissing due process claim in case where many voters experienced problems finding polling locations on election day after state officials consolidated polling places "[b]ecause no evidence of intentional discrimination exists, and the entire election process did not fail to afford fundamental fairness"); *Goodloe v. Madison Cnty. Bd. of Election Comm'rs*, 610 F. Supp. 240, 242 (S.D. Miss. 1985) (affirming

4

previous order to dismiss constitutional claims, due to "lack of any intentional discrimination" in case in which election commissioners blanket-invalidated absentee ballots from a specific notary). *See also Shannon v. Jacobowitz*, 394 F.3d 90, 97 (2d Cir. 2005) (finding no cognizable federal due process claim in voting machine malfunction and resulting miscount "because no conduct is alleged that would indicate an intentional deprivation of the right to vote").

In granting partial summary judgment to Defendant Schedler, the Court found that Plaintiffs had failed to argue, much less establish, that Schedler possessed the requisite showing of discriminatory intent. (Doc. 474 at p. 15). Further, the Court found, Plaintiffs could not identify any law imposing upon Schedler an affirmative duty to investigate or determine the constitutionality of state elections. (*Id.*). At trial, Plaintiffs did not probe more into the duties or functions of the Secretary of State, nor did they adduce evidence that would go toward Defendant Schedler's intent in this matter. In fact, the record provides no evidence of willful discrimination by Defendant Schedler in carrying out his official duties, nor any violation of his official duties with respect to his official role regarding the Baton Rouge City Court elections.

With no showing of discriminatory intent and no action by Defendant Schedler that was shown to "seriously undermine the fundamental fairness of the electoral process," the Court hereby determines that Defendant Schedler's motion is **GRANTED** with respect to Plaintiffs' claim against Schedler of denial of due process under the Fourteenth Amendment.

5

## 2. *Fundamental Right to Vote*

Plaintiffs argue that the current City Court electoral scheme violates the Equal Protection Clause of the Fourteenth Amendment for abridging their fundamental right to vote. Plaintiff Hall testified that he does not feel his vote, as an African-American resident of Baton Rouge, "counts the same" in Baton Rouge City Court elections as a vote by a white resident. (Tr. I at 97:18–98:4).

The U.S. Supreme Court has clearly stated that the right to vote is a fundamental right protected by the Fourteenth Amendment. *See, e.g., Reynolds v. Sims*, 377 U.S. 533, 561–62 (1964) ("Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society."). A cause of action arises under the Fourteenth Amendment's protections against restrictions on the right to vote when a state "classifies voters in disparate ways, or places restrictions on the right to vote." *Veasey v. Perry*, No. 13-CV-00193, 2014 WL 5090258, at *41 (S.D. Tex. Oct. 9, 2014). *See also Bush v. Gore*, 531 U.S. 98, 104–05 (2000) (arbitrary and disparate treatment of votes violates equal protection).

The instant matter is not one in which Plaintiffs allege straight vote denial or undue burden on their right to exercise their franchise. Both Plaintiffs testified they did not encounter any problems registering to vote. (Tr. I at 104:24–104:25, 120:6–120:7). According to their testimony, Plaintiffs have not experienced problems or burdens casting their votes absentee or at the polls, respectively. (Tr. I at 101:6–101:16, 120:8–120:10). There are no allegations that Plaintiffs' votes for City Court judges were not counted or were otherwise disqualified in a literal sense.

Plaintiffs have only provided evidence that their votes are being classified in disparate ways insofar as they are diluted by the current districting of the Baton Rouge City Court election system. Plaintiffs' Fourteenth and Fifteenth vote-dilution claims against Defendant Schedler were dismissed upon summary judgment. (*See* Doc. 474 at pp. 21–22). Because the evidence adduced at trial has confirmed that Plaintiffs' right-to-vote claim is identical to their previously dismissed vote-dilution claims, their right-to-vote claim must also be dismissed. Accordingly, Defendant Schedler's motion is **GRANTED** with respect to Plaintiffs' claim against Schedler of abridgment of the right to vote under the Fourteenth Amendment.

### 3. *Section 1983*

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). There are three elements to establish liability through a Section 1983 action: "there must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). With no remaining constitutional claims against Defendant Schedler after the Court's rulings *supra*, Plaintiffs thus have no available relief under § 1983. Defendant Schedler's motion is **GRANTED** with respect to Plaintiffs' § 1983 claim.

### B. Voting Rights Act Claim

In his memorandum in support of his Rule 52(c) motion, Defendant Schedler does not conduct an analysis of Plaintiffs' VRA Section 2 claim under *Thornburg v.*

7

*Gingles*, 478 U.S. 30 (1986), but argues that Plaintiffs' VRA claim should be dismissed because Plaintiffs have failed to prove that Schedler "played any role in the creation or continuation" of the current election plan for the Baton Rouge City Court. (Doc. 533-1 at p. 15). Schedler, however, has cited no law in his Rule 52(c) memorandum to support his argument for dismissal of the VRA claim on this basis.

Indeed, a claim against Schedler is viable here where Schedler, in his official capacity as Secretary of State, has the power to provide at least some of the injunctive relief requested in this matter. In *Veasey v. Perry*, a sister district court in the Fifth Circuit addressed the same issue of proper party defendants in a VRA case. No. 13-CV-00193, 2014 WL 3002413 (S.D. Tex. July 2, 2014). There, the U.S. District Court for the Southern District of Texas held that both the Governor and the Director of the Texas Department of Public Safety were proper party defendants because they had "some connection with the enforcement of [the challenged law]." *Id.* (*Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (en banc)). *See also Lowery v. Governor of Georgia*, 506 F. App'x 885, 886 (11th Cir.), *cert. denied sub nom. Lowery v. Deal*, ___ U.S. ___, 134 S. Ct. 266 (2013) (dismissing Governor of Georgia as a defendant after concluding that he has no power to provide any of the relief requested in the case).

Here, the Louisiana Constitution names the Secretary of State as the chief election officer of the State of Louisiana, with the duty to "prepare and certify the ballots for all elections, promulgate all election returns, and administer the election laws, except those relating to voter registration and custody of voting machines."

8

La. Const. art. IV, § 7. Defendant Schedler is charged with administering the entirety of the state's election laws, with only two specifically enumerated exceptions. While acknowledging that the Secretary of State did not create the current election scheme and, further, does not have the ability to reapportion election districts, the Court is satisfied that Schedler has "some connection with the enforcement" of the Baton Rouge City Court elections. With the merits of Plaintiffs' VRA claim against Defendant Schedler still under consideration, the Court declines to dismiss Schedler as a party.

Accordingly, Defendant Schedler's Rule 52(c) motion, first urged at the close of Plaintiffs' case, is **DENIED** with respect to Plaintiffs' VRA claim against him. This claim remains under consideration by the Court and shall be addressed in the final judgment in this matter, after consideration of Defendant's case, as well as summation and post-trial briefs from all parties.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Tom Schedler's **Motion for Judgment on Partial Findings Pursuant to Fed. R. Civ. P. 52(c) (Doc. 533)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein.

**IT IS FURTHER ORDERED** that Plaintiffs' claims of abridgment of the fundamental right to vote and denial of due process under the Fourteenth Amendment, as well as Plaintiffs' § 1983 claim, against Defendant Schedler are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 31st day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA